Joseph G. Hays *vs.* John Thomas Miles, *et al.*—*December*, 1837.

A fund arising from the sale of real estate, being, or about to be, brought into the court of Chancery, for distribution among the heirs and legal representatives of the party who died seized, a petition was filed in the cause, by a party claiming to be a creditor of one of the deceased heirs, who was a married woman at the time of her death, and whose husband survived her, for merchandise sold her before the marriage, (an account of which, with the usual probates, was exhibited with the petition,) praying that out of the proportion of the proceeds, his claim might be paid. It was *held*, that the petition presented a case *prima facia* entitled to relief in a court of Chancery.

It is not in all cases that a petition is the proper course to reach a fund in Chancery.

If new parties are to be made, not necessary to the original bill, and where the investigation may involve inquiries, calculated by protracting the cause, to delay parties not interested in such new inquiries, the proceeding must be by bill.

But a petition is the proper course to affect a fund in equity, when no other parties are to be brought in to litigate the questions presented by it, than such as are, or ought to have been, parties to the original bill.

APPEAL from *Chancery.*

On the 19th November, 1831, *Joseph G. Hays* filed his petition in the court of Chancery, alleging that *John Thomas Miles* and *Catharine Miles*, infants, by their next friend, have filed their bill in this court against *Eleanor Benson, Thomas Benson, James Bealle* of *James*, administrator of *John Benson*,

25        v.9

late of *Montgomery* county, deceased, and others, for the purpose of obtaining a decree for the sale of the real estate of which the said *John Benson* died seized, and lying in *Maryland;* that the proceeds may be distributed among his heirs at law, or their legal representatives, as will more fully appear by reference to the said original bill and proceedings, in that case had and done. That at the time of the death of the said *John Benson*, *Elizabeth Jarboe*, a daughter of the said *John Benson*, was alive, and was one of his heirs at law. That the aforesaid *John Thomas Miles* and *Catharine Miles*, are the children of the said *Elizabeth Jarboe* by a former husband, *Greenbury Miles.* That *Marietta Elizabeth Hays*, one of the respondents in the cause herein before referred to, is also a daughter of the said *Elizabeth Jarboe* by a former husband, *Hillary Hays,* deceased. That the said *Elizabeth Jarboe,* who after the death of her two former husbands, intermarried with *John Jarboe*, of *Frederick* county, in the year 1829, long after the death of her father, *John Benson,* died. That *John Jarboe*, the surviving husband, is still alive, and resides in *Frederick* county. That the said *Elizabeth Jarboe* had no children by her last husband, *John Jarboe.* That by operation of law, the said surviving husband is the administrator of the said *Elizabeth Jarboe*, deceased, she dying intestate. That the said administrator of the said *Elizabeth Jarboe*, deceased, has no assets that are liable in law or equity for the payment of her debts. That while the said *Elizabeth Jarboe* was a widow by the name of *Elizabeth Hays,* to wit: in December, 1828, she became indebted to this petitioner, in the sum of $615.09 for goods, wares, and merchandise, sold by him to the said *Elizabeth,* as more fully appears by exhibit A, which is offered as part of this petition, and died thus indebted, which debt, together with legal interest thereon, remains due and unpaid, to your petitioner. *Prayer*, that a decree may pass for the sale of the real estate of *John Benson*, deceased, as prayed in the original bill before referred to ; that out of the proceeds of the sale, which shall be coming to the aforesaid *John Thomas Miles*, *Catharine Miles*, and *Mari-*

*etta Elizabeth Hays*, children of the said *Elizabeth Jarboe*, deceased, your petitioner be paid his aforesaid claim, together with interest and costs, for *subpœna* against the said *John Thomas Miles, Catharine Miles*, and *Marietta Elizabeth Hays*, and *John Jarboe*, a commission to take their answers, and such other and further relief, as equity and good conscience may require. It being expressly alleged by your petitioner, that he is remediless in the premises by the strict rules of the common law.

The exhibits referred to in said petition, and appearing in the record of this cause, were as follows:

1. An account of the property purchased by *Elizabeth Hays* at the sale of the personal property of *Hillary Hays*, $1,362.07, with probats in due form.

2. The bill filed 20th April, 1831, by *John Thomas Miles* and others, and answers thereto.

3. Decree for the sale of *John Benson's* land as incapable of division, passed 5th May, 1832.

4. Report of trustees' sales and orders of ratification in 1834.

On the 29th September, 1836, the chancellor (*Bland*) ordered the petition of *Joseph G. Hays* to be dismissed with costs, from which order he appealed to this court.

The cause was argued before STEPHEN, ARCHER, and DORSEY, Judges.

J. JOHNSON, for the appellant.

On the 5th of May, 1832, a decree passed the court of Chancery, for the sale of the real estate of *John Benson*, deceased, for the purpose of distributing the proceeds among his heirs and legal representatives.

It appears from the proceedings in the case, which led to that decree, that *Benson* died intestate in July, 1836, leaving the following children: *Eden Benson, Thomas Benson, Margaret*, married to *James Bealle, Ruth*, married to *William Wilcoxe*, and *Elizabeth*, married to *Greenbury Miles*.

A sale was made under the decree, and ratified by the chancellor in 1834.

It appears also, that *Elizabeth,* one of the daughters of *John Benson,* and the wife of *Greenbury Miles,* had by him two children, *John Thomas* and *Catharine Miles,* and that after the death of the said *Greenbury,* she married *Hillary Hays,* by whom she had a daughter, *Marietta Elizabeth Hays,* and that upon the death of the said *Hays,* she intermarried with *John Jarboe,* and then died, leaving the above named *John Thomas Miles, Catharine Miles,* and *Marietta Elizabeth Hays,* her only heirs at law; and *John Jarboe,* her surviving husband.

The bill under which the decree for the sale of the estate of the said *Benson* passed, was filed after the death of his daughter *Elizabeth,* by her two children, *John Thomas* and *Catharine Miles,* who with her other child by her second husband, *Hillary Hays,* claimed to be entitled to her proportion of the purchase money.

Whilst that bill was depending, and before the decree, to wit, on the 19th of November, 1831, the present appellant filed his petition in the case, alleging that *Elizabeth,* while the widow *Hays,* in 1828, became indebted to him in a large sum of money, and praying that a decree should be passed for the sale of the estate of *John Benson,* and that out of the proportion to which the aforesaid three children of the said *Elizabeth* would be entitled, his claims might be paid.

In this petition *subpœnas* are prayed against the three children, and *John Jarboe,* the surviving husband and administrator of the said *Elizabeth,* and for general relief.

By the chancellor's order of the 29th September, 1836, this petition was dismissed with costs, and from this order the appellant appealed, and contended :

1. That no decree having passed for the sale of the real estate of *John Benson,* in the lifetime of his daughter *Elizabeth,* her interest therein descended to her heirs at law, subject to any debts which she may have contracted *dum sola.*

*Rogers vs. Krebs,* 5 *Har. and John.* 31. *Leadenham vs. Nicholson,* 1 *Har. and Gill,* 267.

2. That her personal estate and choses in action, if she had any, passed to her surviving husband, *John Jarboe,* and that he is not, in respect of them, answerable to the creditors who became such before her intermarriage with him. *Act of* 1798, *ch.* 101, *sub. ch.* 5, *sec.* 8. *Forbes vs. Phipps,* 1 *Eden,* 502.

3. That for the purpose of entertaining the petition, it sufficiently appears, that her said husband had no assets, even if, in respect of them, he would be liable to her creditors—and

4th. That as the case stood, the chancellor had jurisdiction to give the appellant the relief asked for, and consequently erred in dismissing his petition.

No counsel argued for the appellees.

ARCHER, Judge, delivered the opinion of the court.

The petitioner alleging himself to be a creditor of *Elizabeth Jarboe,* one of the heirs at law of *John Benson,* whose estate was sought to be sold by the complainants, appears to us to have presented a *prima facie* case, for the interposition of a court of equity, and to have presented it in a competent form.

Upon the establishment of his claim, we could see no possible objection to the chancellor's assuming jurisdiction, unless he ought to have sought relief by an original bill instead of a petition. The appellant has prayed a *subpœna* against *John Jarboe,* who was not a party to the proceedings in which the petition was filed, nor does it appear that he was a necessary party, either to the bill or petition; for it is not apparent that he was entitled to be considered as a tenant by the courtesy, and if he was not, he had no interest in either controversy, and the petitioner might have dismissed the petition as to him, and proceeded against the other persons interested, for whom he sought an answer. But if he ought to have been a party to the original bill, it could not be objected, that he had made him a party to the petition, as in that case he might have had an interest in resisting the claim.

A petition may not in all cases be the proper course to reach a fund in chancery : as where new parties are to be made, not necessary to have been made to the original bill, and where the investigation may involve inquiries calculated, by protracting the cause, to delay other parties, not having an interest in such controversy. But we think it may be safely stated as a general rule, that a petition is the proper mode of affecting a fund in equity where no other parties are to be brought in to litigate the application, than such as are, or ought to have been parties to the original bill.

A decree will be signed, reversing the decree of the chancellor, dismissing the petition of the appellant, and the cause will be remanded to the chancellor for further proceedings.

DECREE REVERSED.