. R. M. GIBBS AND OTHERS    ⎫
vs.                                    ⎬    MARCH TERM, 1850.
CUNNINGHAM AND OTHERS.    ⎭

[EXTENT OF LIEN—LIMITATIONS—SET-OFF—PRACTICE.]

A DEED was executed in 1835, conveying certain lands, in trust, with power to the grantee to sell the same and apply the proceeds to pay, *first*—A specified debt. *Second*—All other debts of the grantor for which the grantee was responsible, and any advances the latter might make for the former. *Third*—All other debts of the grantor at that time contracted which the grantee might consider just, legal, and equitable, and *fourth*—The expenses of the trust. The grantor died in 1837, and the grantee not having sold the property, a bill was filed in 1842, by the creditors of the grantor, under which all his real estate was sold for the payment of his debts. HELD—

1st. That the grantee, by virtue of this deed, had a lien only on the land described in and conveyed by it, but he may show himself a creditor beyond the provisions of the deed, and in respect of any such claim he will stand upon an equality with the general creditors of the grantor.

2d. That the claims of the grantee within the terms of the deed, and with reference to the proceeds of the property thereby conveyed, are not liable to the plea of limitations, but with regard to the proceeds of any other property of the grantor they are so liable.

Claims due by a guardian for property which he received from the mother of his wards, cannot be set-off against claims due to the guardian by the estate of their father.

There must be reciprocity and mutuality in the right of set-off, and the demands on the one side and the other must be in the same right.

A defendant to a creditor's bill, though he does not in his answer distinctly allege himself to be a creditor, and though he asks in his answer, to be dismissed with costs, may still after decree come in upon the fund as a creditor.

As a general rule, if the infirmity of the plaintiff's case appears upon the face of his bill, the defendant may rely upon it at the hearing, no matter how imperfect, or what the character of his answer may be, and it is only with respect to some defences given by statute that a different rule prevails.

[The facts in this case are sufficiently stated in the Chancellor's opinion.]

THE CHANCELLOR:

The questions now to be decided are stated in an agreement signed by the solicitors of the parties, and filed on the 18th of December last.

It appears, that on the 21st of October, 1835, the late James Cunningham and his wife conveyed to Henry Wayman three parcels of land, called "Latent Worth," "Glenn Eyery" and "Muddy Creek," upon certain trusts, as in the deed are set forth, that is to say, in trust, that Wayman and his heirs may in the first place, raise by sale of the same, or any part thereof, so much money as will be sufficient for the purposes of the trust; the said money to be applied to paying off the debts and responsibilities enumerated and provided for in the deed. These were *first* a debt of $2000, to be created at the Frederick County Bank, for which Wayman was to become liable as Cunningham's surety. *Secondly*, to the payment of all other debts or liabilities of the said Cunningham, for which Wayman was in any manner responsible, and any money the latter might thereafter advance for, or on account of, said Cunningham. *Thirdly*, to pay all the debts of said Cunningham, at that time contracted, that Wayman might consider just, legal and equitable, and *Fourthly*, the expenses of the trust including a commission to the trustee, of six per cent. out of the whole amount of sales.

Cunningham and his wife died in or about the year 1837, and the trustee not having made sale of the property conveyed to him, a bill was filed by Gibbs and others, creditors of the deceased, in the year 1842, praying for a sale of the real estate of the deceased, for the payment of his debts, upon the ground that the personal estate was insufficient, and such insufficiency being established, a decree passed for a sale on the 13th of April, 1846, appointing a trustee for that purpose. The sale has been made and ratified, and the questions now presented have reference to the distribution of the proceeds.

Wayman, who was made a defendant to the bill, professes to

be a creditor, and upon the assumption that he is a creditor, the first question presented by the agreement is, whether he has by virtue of the deed of trust from Cunningham and wife to him, a lien or incumbrance on any land other than that described in, and conveyed by, said deed?

I do not understand the counsel of Wayman as contending absolutely for the affirmative of this proposition, and it seems to me very clear, that his lien, by virtue of the deed, must be restricted to the land described in and conveyed thereby.

2d. The second question is, whether Wayman can rely on, and enforce payment of, any claim which he may pretend to have against the estate of said Cunningham, other than such claim as may be secured by said deed of trust, and to the extent of the proceeds of sale of the trust estate?

Although I think it quite clear that the lien created by the deed must be confined to the three parcels of land embraced in it, it by no means follows, that if Wayman can show himself to be a creditor beyond the provisions of the deed, that he may not be permitted to do so, and that may not in respect of any claim so due him stand upon an equality with the general creditors of the deceased. To have a lien the claim must be within the the terms of the deed, and such lien is confined to the lands described in, and conveyed by the deed, but this will not prevent Wayman from setting up and establishing if he can a claim beyond the deed, though in respect of any such claim he must occupy the position of a creditor at large, entitled only to such rights as the nature of his claim, independent of the deed, confers upon him.

3d. The third question is, whether the claims of Wayman, either in whole or in part, are liable to the plea of limitations? and if so, to what extent, and upon what principle is the rule to be applied?

My opinion is, that so far as the claims which Wayman can establish within the terms of the deed are concerned, and with reference to the proceeds of the property thereby conveyed, the plea of limitations does not apply, but with regard to the proceeds of any other property he has no lien by virtue of the

deed, and that, consequently, with respect to such proceeds he must share the fate of any other creditor, and be barred or not by limitations precisely as if the deed of trust had not been executed. In other words, I think the trust is limited to the parcels of property conveyed by the deed, and that with respect to any other property of Cunningham, it is entitled to be protected by all the defences which the parties would be at liberty to interpose if no trust had been created.

With respect to the sum of $1491 12, said to have been paid by Wayman, on the 26th of August, 1842, being the interest to that date on the mortgage debt stated in the deed of the 26th of August, 1830, I think, assuming such payment to have been made, that Wayman is entitled to the benefit or the mortgage security, and that limitations will not bar him, so far as the proceeds of the mortgaged property are concerned. Any other claims, as I have stated, *ultra* the trust deed, are liable to be operated upon by the statute of limitations according to the nature of the claims respectively.

4th. This question relates to the doctrine of set-off, and, I am of opinion, that any claims which may be due from Wayman to the Cunninghams, as guardian, receiving property which they acquired from their mother, cannot be set-off against claims which may be due from the estate of James Cunningham.

There must be reciprocity and mutuality in the right of set-off, and the demands on the one side and the other, must be in the same right. *Hall's adm'r* vs. *Creswell et al,* 12 *G. & J.,* 36; *Darnall* vs. *Hill,* 12 *G. & J.,* 388.

In addition to the questions presented by the agreement, it has been insisted on the part of the defendants, that Wayman has no standing in this court as a creditor, because, in his answer to the bill, he does not claim to be a creditor.

It was decided by the late Chancellor, that a plaintiff in this court cannot be permitted to split up and multiply his causes of action, and, therefore, if he knowingly withholds a part of his claim until after the decree for a sale, it will be rejected, but without prejudice. *Welch* vs. *Stewart,* 2 *Bland,* 37. And in *Chambers* vs. *Chalmers et al,* 4 *G. & J.,* 420, it was decided

27*

by the Court of Appeals, that though as a general rule, the defendant might, at the hearing, object that the cause made by the bill does not entitle the plaintiff to equitable relief, though the particular ground of objection only appears upon the face of the bill, and though the issue has been joined upon the answer, that the rule does not apply to mere defences given by statute, and that unless such defences are brought forward by plea, or are relied upon in the answer, they will not avail the defendant at the hearing. This decision, however, only has reference to some defences given by statute against the relief sought by the bill, and does not reach the point now under consideration, which is, whether a defendant to a creditor's bill, who does not distinctly allege himself to be a creditor in his answer, may not after decree, come in upon the fund as a creditor ? The general rule as shown by the case referred to is, that if the infirmity of the plaintiff's case appears upon the face of his bill, the defendant may rely upon it at the hearing, no matter how imperfect, or what the character of his answer may be, and that it is only with respect to some defences given by statute that a different rule prevails. But this is not a question of defence at all, either given by a statute or founded upon principles of equity. Wayman made no defence to this bill, but contented himself with stating the reason why he had not executed the trust vested in him by the deed, which, in his answer, he refers to as filed in the cause, and by the recitals of which, he, (Wayman,) does appear to be a creditor.

I cannot think, therefore, that he is precluded from showing himself to be a creditor, either because he does not distinctly state himself to be one by his answer, or because he asked to be dismissed with costs. He was not so dismissed, and could not be, as the legal title to the land was in him.

One of the objects of the trust deed, as shown by its recitals, was to secure Wayman the payment of money *then due* him from Cunningham, and this deed is filed as an exhibit, with the bill, and referred to and admitted by the answer. There can be no sufficient ground for assuming from the mere circumstance that Wayman asked to be dismissed with his costs, that

he did not intend, if the court should decree a sale of the property for the benefit of creditors generally, to avail himself of the provisions of the deed for his reimbursement and indemnification. I do not think, therefore, that he is precluded by the form of his answer from showing himself to be a creditor, and receiving such proportion of the proceeds of the sales as he may be entitled to.

ALEXANDER and STOCKETT, for Complainants.
A. RANDALL, for Defendant.