(Decided 14th June, 1877.)

JULIA BROWN, Assignee of JAMES W. GREEN *vs.* PHILIP F. THOMAS and E. B. BATES, Trustees, and others.

*Assignment—Effect of the decree in determining the rights of the parties to it—Practice in Equity, as to the manner of coming in as assignee of the share of a distributee and excepting to the auditor's account—Practice in the Court of Appeals under the Code, Art. 5, secs. 26 and 28.*

A bill was filed for the sale of real estate for the purpose of partition. F. G. one of the defendants by his answer denied all rights of the complainants in the land, and claimed exclusive right thereto by adverse possession. J. W. G. a younger brother of F. G. by his answer stated, that if he ever had any interest in the real estate mentioned, he was fully satisfied that it had been more than consumed and exhausted in his board, maintenance and education furnished by his brother F. G., and that he set up no claim of right to or interest in the land. Subsequently a decree was passed for the sale of the land for the purpose of partition among the parties. In the written opinion of the Court, in reference to which by express terms the decree was passed, it was declared that F. G. "should be allowed nothing for the support and maintenance of his brothers and sisters, he having been fully compensated by their labor, the fruits of which he enjoyed, for all trouble taken and expense incurred in their behalf." Upon the filing of the auditor's report distributing the proceeds of the sale made under this decree, J. B. without the formality of petition, appeared in the cause for the first time, and describing herself as assignee of the interest of J. W. G., excepted

to the auditor's accounts, because the distributive share of J. W. G. was treated by the auditor as assigned to F. G. This exception was filed on the 7th of March, 1876. The only evidence of the assignment by J W. G. to J. B., was a paper purporting to be executed on the 22nd of May, 1876, and the same day filed in the cause. There was no proof whatever of the execution of the paper, nor was it in any manner admitted or recognized by the parties to be affected by it, so as to justify the Court in receiving it as evidence On appeal by J. B. from an order of the Court below overruling her exception, it was HELD:

1st. That the answer of J. W. G. did not operate as an equitable assignment of his interest to his brother F. G.

2nd. That the decree in directing the sale of the land for the purpose of partition among the parties to the cause contemplated, J. W. G. as one of the parties entitled to receive distribution of the proceeds of sale.

3rd. That reading the decree in connection with the opinion to which it refers, the idea of an assignment of J. W. G's interest to F. G. in consideration of support and schooling furnished is entirely excluded.

4th. That J. B. was not in a position to insist that the distribution to J. W. G. should be awarded to her as assignee, because she had not made herself properly a party to the proceedings, and had established no claim to the fund.

5th. That the assignment being filed in the cause at the time and in the manner it was, no exception was required to its admissibility in the Court below to exclude it from consideration in this Court, under the Code, Art. 5, sec. 26.

6th. That although J. B. had failed properly to present her claim under the assignment, (supposing it to be susceptible of proof,) and had furnished no complete proof upon the subject, yet there was enough in the record of which this Court could take notice, to justify it in remanding the cause without reversing or affirming the order appealed from, for further proceedings under the Code, Art. 5, sec. 28.

7th That the audit might however be at once ratified except as to the distribution claimed by J. B. as assignee.

APPEAL from the Circuit Court for Caroline County, in Equity.

The case is stated in the opinion of the Court.

---
---

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*John B. Brown* and *George M. Russum*, for the appellant.

*Edward B. Bates* and *Philip F. Thomas*, for the appellees.

ALVEY, J., delivered the opinion of the Court.

This appeal is taken from an order of the Circuit Court for Caroline County, as a Court of Equity, overruling an exception of the appellant to an auditor's account, and ratifying the account to the exclusion of the appellant's claim.

The bill was filed for the sale of certain real estate for the purpose of partition among the parties to the cause. Foster Green and James W. Green, together with several others, were made defendants. Foster Green, by his answer, denied all right of the complainants in the land, and claimed exclusive right thereto by adverse possession. James W. Green, a younger brother of Foster Green, by his answer, stated that he was ignorant of the facts charged in the bill, being, at the time of their occurrence, an infant; and that if he ever had any share in the real estate mentioned, he was fully satisfied that it had been more than consumed and exhausted in his board, maintenance, and education, furnished by his brother, Foster Green; and that he set up no claim of right to or interest in the land.

Proof was taken, and the case submitted to the Court, and in March, 1872, a decree was passed for the sale of the land, for the purpose of partition among the parties, and that Foster Green should account for rents and profits. In the written opinion of the Court, in reference to which by express terms the decree was passed, it was declared that Foster Green "should be allowed nothing for the support

and maintenance of his brothers and sisters, he having been fully compensated by their labor, the fruits of which he enjoyed for all trouble taken and expense incurred in their behalf.'' This decree was never appealed from, and consequently it remains in full force. The land was sold by trustees under the decree in April, 1874, and the sale was finally ratified by the Court. The case was then sent to the auditor, who stated several accounts, both of rents and profits and the proceeds of sale. In these accounts the distributive share of James W. Green is treated as having been assigned to Foster Green. Upon the filing of the auditor's report the appellant, without the formality of petition, appeared in the cause for the first time, and, describing herself as assignee of the interest of James W. Green, excepted to the auditor's accounts, because the distributive share of James W. Green was treated by the auditor as assigned to Foster Green. This exception was filed on the 7th of March, 1876, and to which the complainants interposed several objections, among others, that the appellant had not rightfully and properly appeared in the cause, and had not properly presented her claim, or the evidence of the assignment under which she made claim. The only evidence of the assignment is a paper purporting to be executed on the 22nd of May, 1876, and the same day filed in the cause,—some two months and a half after the exception was filed. There is no proof whatever of the execution of the paper, nor has it been in any manner admitted or recognized by the parties to be affected by it, so as to justify the Court in receiving it as evidence. But the Court below, taking the view that the answer of James W. Green operated as an equitable assignment of his interest to Foster Green, overruled the exception of the appellant, without at all passing upon the evidence of his title. The auditor's account distributing the share of James W. Green to the use of Foster Green was finally ratified, and it is from that order that the appeal is taken.

We are decidedly of opinion that the Court below was in error in supposing that the answer of James W. Green operated as an equitable assignment of his interest to his brother Foster Green. The only consideration that is suggested for such an assignment is the furnishing of board, maintenance, and schooling; but, as we have seen, the Court determined that Foster Green should be allowed nothing on that account, and the decree must be taken as conclusive upon that subject. In the case of *Pfeltz vs. Pfeltz*, 1 *Md. Ch. Dec.*, 455, a decree was passed for the sale of property, for the purpose of partition *among the parties to the cause*, as in the present case; and after enrollment of the decree, a petition was filed by one of the parties, setting up an exclusive right to the whole proceeds of sale; and the Chancellor held, that as the decree contained no reservation of equities, it was of course final upon the rights of the parties, and the petition was dismissed. In this case, it was not questioned, after the defences set up by Foster Green were held to be groundless, but that James W. Green held an estate in the land in common with the other parties to the bill; and it is quite clear that the decree, in directing the sale of the land for the purpose of partition, not among those who might thereafter be shown to be entitled, but among the parties to the cause, contemplated James W. Green as one of the parties entitled to receive distribution of the proceeds of sale. Reading the decree in the light of the opinion to which it refers, all idea of an assignment of James W. Green's interest to Foster Green, in consideration of support and schooling furnished, is entirely excluded.

But, notwithstanding there was no assignment of the interest to Foster Green, the appellant was not in a position to insist that the distribution to James W. Green should be awarded to her as assignee. She had not made herself properly a party to the proceedings, and had established no claim to the fund.

By the practice as established in the English Chancery, a person, not a party to the cause, becoming assignee *pendente lite,* may apply by petition for an order to protect the fund subject to the assignment, and that he be allowed to attend under the decree, and except to the Master's report ; but such order is always at the expense of the assignee.   2 *Danl. Ch. P.*, 1312, 1517.   With us the practice is of a less formal character than in England ; but such assignee, under our practice, in a case like the present, is required to present his claim by petition, and establish his title by legal and competent evidence, before he can claim an order securing to him the benefit of the assignment.   For precedents of such practice in analogous cases, we may refer to *Maccubbin vs. Cromwell,* 2 *H. & Gill,* 443 ; *Duvall vs. The Farmers' Bank of Md.,* 4 *Gill & J.,* 282, 294 ; *Hays vs. Miles,* 9 *G. & J.,* 193, aud *Balch vs. Zentmeyer,* 11 *G. & J.,* 267, 282.   These cases would seem to have established the practice as we have stated it. But here there was no petition filed setting forth the claim, and the facts upon which it was founded ; and the assignment did not prove itself ; and being filed in the cause at the time and in the manner it was, no exception is required to its admissibility in the Court below to exclude it from consideration in this Court, under the *Code, Art.* 5, *sec.* 26 ; *Stockett vs. Jones,* 10 *Gill & J.,* 276 ; *Eyler & Matthews, vs. Crabb,* 2 *Md.,* 137, 154.

The only person complaining of the order appealed from is the appellant, and if the assignment to her be not established, the order ratifying the auditor's account should stand.   And though the appellant has failed properly to present her claim under the assignment, (supposing it to be susceptible of proof,) and has furnished no competent proof upon the subject, yet there is enough in the record, of which we can take notice, to justify this Court in remanding the cause, without reversing or affirming the order appealed from, for further proceedings, under the

Code, Art. 5, sec. 23. That was the course pursued, in respect to rights informally and imperfectly appearing in the cases of *Darnall vs. Hill*, 12 *G. & J.*, 388, and *Eyler & Matthews vs. Crabb*, 2 *Md.*, 154, and justice would seem to require its adoption in this case. The appellant can then present her claim by petition and establish it by proof. There is no reason, however, why there should be any delay in ratifying the audit as to all the distributions except that to James W. Green, claimed by the appellant. The other distributees should neither be burthened with costs, nor prejudiced by delay, in consequence of the intervention of the appellant, if they interpose no active resistance to the assertion of her claim. The audit may, therefore, be at once ratified except as to the distribution claimed by the appellant as assignee.

*Cause remanded*
*for further proceedings.*

(Decided June 14th, 1877.)