(Decided June 15th, 1858.)

---

## Mordecai G. Cockey, Garnishee of Nicholas Leister, *vs.* Levi Leister.

Heirs at law executed a deed conveying to a trustee all the deceased's real estate, for sale and distribution, the latter to be made "*under the direction of the Circuit Court*, and all points of dispute as to advancement, or any other matter that may arise in the premises, to be *adjusted by said court.*" The trustee gave bond, under the act of Assembly, sold the property, and

Cockey, Garn. of Leister, *vs.* Leister.

then filed a petition stating his proceedings, and asking the court to distribute the proceeds, but the fund was not brought into court. The case was referred to the auditor, who stated a distribution account, by which the sum of $520.05 was audited to one of the heirs at law, who was a *non-resident*. This account was ratified *nisi*, but not *finally confirmed*. HELD:

That this fund, in the hands of the trustee, was *not liable* to *an attachment* at the suit of one of the grantors in the deed, a creditor of the *non-resident*, another grantor, the proceedings being *still open*, and the fund liable to be brought under the *control of the court.*

Funds in the hands of a trustee, under a decree of a court of equity, to sell property, and account with the court for the proceeds, are *not liable to attachment*, but this rule does not apply where the fund has been *distributed* by the *auditor's account finally ratified* by an order directing application by the trustee of the funds in his hands *not brought into court.*

A trustee ought not to be subjected to the consequences of a multiplicity of suits, and may avail himself of the objection, without pleading specially, where the subject matter of the defence is presented by the plaintiff himself.

By our attachment laws, a garnishee has the right to appear to the action, confess judgment for the amount in his hands, and have his costs allowed out of that sum, and a person cannot be charged as garnishee where his legal relation to the fund is such that he cannot take advantage of this provision of the law.

APPEAL from the Circuit Court for Carroll county.

*Attachment* on warrant issued on the 13th of November 1854, at the instance of the appellee, a citizen of Maryland, to affect the goods and chattels, rights and credits of Nicholas Leister, a *non-resident* debtor, and, on the next day, laid in the hands of the appellant, as garnishee, who appeared and pleaded *nulla bona*, upon which the case was tried.

In the course of the trial, *two exceptions* were taken by the garnishee to the rulings of the court below, (NELSON, J.) which, with all the facts of the case, are sufficiently stated in the opinion of this court.

The jury found, by their verdict, that, at the time of laying the attachment, and at the time of trial, the garnishee had in his hands $400 of the rights and credits of Nicholas Leister, as alleged by the plaintiff in pleading, and judgment of condemnation, was rendered for the amount so found, and from this judgment the garnishee appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*Wm. P. Maulsby* for the appellant, argued, that the court below erred in its rulings. 1st. Because the trust was created by the plaintiff and defendant in the attachment, and, by its terms, provided the mode of ascertaining the amount which would be due therefrom to either, which mode had not even been resorted to at the time this attachment issued, and had not been followed out to the end provided by the deed, at the time of the trial and judgment, and it is not competent to the plaintiff to claim the trust fund in any other way, or at any other time, than provided by himself by his deed. He is as much estopped from claiming against his own deed, as he is from asserting that his own deed is void against himself as creditor of another party to the deed. 2nd. Because an attachment will not lie against a fund in the hands of a trustee, at all events, so long as the trust remains open and unadjusted. 1 *G. & J.*, 463, *State, use of Oyster, vs. Annan.* 2 *Md. Rep.*, 284, *Scott vs. State, use of Ducker.* 5 *Md. Rep.*, 327, *Nelson vs. Howard.*

*Richard H. Alvey* for the appellee:

1st. Conceding the deed to the garnishee to be valid as against the creditors of the grantors, the defendant had clearly an interest under that deed, which was liable to the plaintiff's attachment. There was no want of certainty as to the interest of Nicholas Leister, the defendant. It was sufficient to maintain the attachment, that his interest was susceptible of being rendered definite and certain, as was done by the verdict of the jury. The evidence furnished by the garnishee's own proceedings, was ample and abundant to show, not only the interest, but the precise extent and amount of it that was liable to the attachment. The reasons assigned in the appellant's prayers, why the attachment could not be maintained, are altogether untenable upon the evidence in the cause. 2 *H. & McH.*, 463, *Wallace vs. Patterson.* 3 *H. & McH.*, 576, *Campbell vs. Morris.* 1 *H. & J.*, 536, *Steuart vs. West.*

*Ibid.*, 546, *Davidson vs. Clayland.* 5 *H. & J.*, 312, *Ford vs. Philpot.* 6 *H. & J.*, 31, *State vs. Krebs. Acts of* 1795, *ch.* 56, and 1810, *ch.* 160. 2 *Md. Rep.*, 1, *Glenn vs. Gill. Ibid.*, 457, *Evans vs. Sprigg.* 3 *Md. Rep.*, 366, *Hertle & Wife, vs. Schwartze, et al.* 3 *Adol. & Ellis,* 99, *Roper vs. Holland.* The simple question to be determined in cases of attachment, under the acts of Assembly, and the decisions cited, is not whether there is a certain specific sum *ascertained to be due to the defendant at the time*, but whether the garnishee has in hands any money or rights of the defendant, subject to the payment of the debt. The evidence which the prayers conceded to be true, clearly established the fact that the garnishee held in his hands the funds of the defendant, and it then became the duty of the jury to ascertain, from the evidence before them, the amount of the rights so held.

2nd. But the deed to the garnishee, in this case, is void as against the creditors of the defendant, the same being to their prejudice, and calculated to hinder and delay them in the collection of their debts; and, if so, then clearly no question can be made here as to the condition of the trust, but Cockey, the garnishee, must be regarded as having the money in his hands, subject to the right of the creditors to attach it at any time. The trust is not for the benefit of creditors, but exclusively for that of the grantors in the deed, after supplying the deficiency of the personal estate of Abraham Leister, deceased, in the payment of debts due from his estate. 3 *Md. Rep.*, 11, *Green, et al., vs. Trieber. Ibid.*, 40, *Sangston vs. Gaither.* 8 *Md. Rep.*, 418, *Malcolm vs. Hodges.*

Tuck, J., delivered the opinion of this court.

The appellant was appointed trustee by a deed dated the 15th of July 1854, in which Levi Leister, the plaintiff, and Nicholas Leister were parties grantors, with the other heirs at law of Abraham Leister, for the purpose of selling his real estate, for distribution, after paying the expenses of the trust, and the balance of his debts not satisfied by the personal estate; the deed providing that the distribution should be made "under the direction of the circuit court, all points of dispute as to

advancement, or any other matter that may arise in the premises, to be adjusted by said court." The appellant accepted the trust, filed his bond in the clerk's office, under the act of Assembly, and made sale of the property in September of that year, and in February 1855. On the 18th of September 1855, the appellant filed a petition on the equity side of the circuit court, setting forth his proceedings under the deed, and asking the court to distribute the proceeds of sale, but it does not appear that the fund was ever brought into court. An order was passed referring the petition to the auditor, and a distribution was afterwards made, by which Nicholas Leister was allowed $520.05. This account was ratified *nisi*, but it does not appear to have been finally confirmed by the court. On the day designated for the final ratification, the trustee filed a petition craving allowance for certain expenses, which appears to have been the last proceeding in the cause; the order endorsed on this petition, not having been signed by the judge, we deem of no effect.

Meanwhile, however, between the date of the deed and the filing of the trustee's original petition, to wit: on the 13th of November 1854, the appellee, a creditor of Nicholas Leister, a non-resident, sued out an attachment on warrant, and laid it in the trustee's hands, to bind the debtor's interest in the proceeds of sale. The case was tried on the plea of *nulla bona*, and the verdict having been rendered against the garnishee, he appealed.

At the trial, the plaintiff relied upon the facts substantially stated above, as shown by the entire proceedings on the equity side of the court, and asked the court to instruct the jury that "whatever funds of the defendant, Nicholas Leister, the jury shall find, from the evidence in the cause, are in the hands of the garnishee, are subject to the attachment in this case," which prayer was granted. The garnishee offered two prayers, which were refused, to the effect, *first*, that the plaintiff was not entitled to recover, because he had adduced no sufficient evidence that any certain sum of money was in the hands of the garnishee, subject to the attachment; and, *secondly*, because the trust created by the deed remained unsettled, and no action

at law could be maintained until a sum certain was ascertained to be in his hands, due to the defendant, by a final settlement of the trust.

The appellant is not in the attitude of a trustee in equity, appointed by a decree to make sale of property, and account with the court for the proceeds. In such a case an attachment will not lie to affect the trust funds in his hands. It was so adjudged as to receivers in the case of *Farmers Bank of Del.*, *vs. Beaston*, 7 *G. & J.*, 421. The reason of the doctrine there announced, applies with equal force to trustees in equity, and to funds of which they may have charge, and it was so held by the late Chancellor, in *Bentley vs. Shrieve*, 4 *Md. Ch. Dec.*, 412. Property or funds so situated, are under the control of the court, and may be withdrawn at any time from the trustee's hands, in which event he could not respond to a judgment of condemnation, except out of his own estate, which would be manifestly unjust; and to allow one court to interfere in this manner with funds under the dominion of another, might not only produce confusion in settling the trust, but also lead to conflict of jurisdiction. Besides, a trustee, like a receiver, is appointed on behalf of all the parties, and if loss occurs, without his default, the estate must bear it. *Elliott vs. The U. S. Ins. Co.*, 7 *Gill*, 320. And it might happen that the judgment of condemnation would exceed the amount for which, on a statement of his accounts, the trustee would be liable to the defendant in the attachment suit.

We do not wish to be understood as applying this rule to a trustee in equity, where the trust fund has been distributed by the auditor, and his account finally ratified by an order or decree directing the trustee, with the funds in his hands, and not brought into court, to apply the same accordingly. See the *Act of* 1831, *ch.* 321.

This, too, is a conventional trust, to which the plaintiff and defendant were both parties, and which the appellant accepted on the terms mentioned in the deed; that is, that the fund should be distributed under the direction of a court of competent jurisdiction, by which not only the rights of the parties could be ascertained, but the trustee would be protected against

the parties themselves. We gather from the deed that there were some matters of difference between the heirs at law of Abraham Leister, which they could not settle, or which they preferred to have adjusted by the court, and, for that amicable purpose, ordained this trust. Now if, instead of this mode, a bill had been filed by some, against the others, to have the land sold, and these questions determined in that form of proceeding, the attachment now sought to be enforced could not have been maintained against a trustee appointed by the court. Does it make any difference how the property becomes trust property, or how the trustee may be appointed, if the fund is to be distributed in equity? In either case the fund may be brought under the control of the court, and here one of the intended consequences of the deed was to place the proceeds of sale under its protection and jurisdiction, for, at the time of the trial, they were in that predicament.

It may be, as urged on the part of the appellee, that a person cannot, by creating a trust of this kind, for his own benefit, place his property beyond the process of his creditors, and delay and hinder the recovery of just demands, but this is not the question before us, for it does not appear that the defendant was indebted to the plaintiff at the date of the deed; on the contrary, his account bears date after that time, and there is no proof on the subject. Besides, the parties are not in that attitude. The plaintiff is himself a party to the deed, and has stipulated with the garnishee that the fund should be distributed in a particular court, where questions about advancement, and other matters of dispute, were to be determined, before it could be known how much, if anything, was coming to the defendant. And now he impleads the trustee in another court, where these questions cannot be adjudicated, and seeks to bind the fund in his hands, while the proceedings are still open in the equity court, and the account distributing the fund, for aught that appears, is yet liable to exception, and the sum awarded Nicholas Leister may be reduced by reason of some of the controverted matters which the trust was designed to have adjusted. In that case he might be required to pay more than the trust funds would meet; for, if pending this appeal,

the equity court shall have ascertained that the defendant was advanced, or for any other reason was not entitled to the amount allowed him by the auditor's account, offered in evidence, and this judgment should be affirmed, we are not aware that the garnishee would have any redress against its payment. A trustee ought not to be subjected to the consequences of such multiplicity of suits, and may avail himself of the objection without pleading specially, because the subject matter of the defence is presented by the plaintiff himself. 13 *Howard*, 335.

By the attachment laws, a garnishee has the right of appearing to the action and confessing judgment for the amount in his hands, and have his costs allowed out of that sum. We think that a person cannot be charged as garnishee, where his legal relation to the fund is such that he cannot take advantage of that provision in the law, and this we take to have been the predicament of the appellant; for, although the deed of trust showed that Nicholas Leister had an interest in the property, it was impossible for the garnishee to have confessed judgment until his proportion of the proceeds of sale had been ascertained by the equity court.

The cases cited are unlike the present. In that of *State vs. Krebs*, 6 *H. & J.*, 31, the proceeds of the land were in the hands of the commissioners, and the sum due the defendant in the action had been ascertained, when the attachment was laid. The court decided that the money might have been sued for by the husband, and that it followed, as a consequence, that it might be attached by his creditor to pay a debt due by him. The court had nothing to do with that fund; it was in the hands of the commissioners, and a proper subject of a suit at law. In *Hertle vs. Schwartze*, 3 *Md. Rep.*, 366, the fund in controversy was a purely legal claim, not depending on the proceedings of a court of equity. There is no doubt that equitable interests may sometimes be attached, as in *Ford vs. Philpot*, 5 *H. & J.*, 312, and other cases referred to; but where there is an unsettled trust, like the present, another doctrine prevails. In *Nelson, Excr. of James, vs. Howard*, 5 *Md. Rep.*, 327, a suit at law was maintained against the

Robinson, *et al.*, *vs.* Commissioners of Harford County.

executor of a trustee, but the trust had been closed; and the trustee had promised to pay an ascertained balance due the *cestui que trust.*

It follows, from the views here expressed, that the court erred in granting the plaintiff's prayer, because there was no evidence to show that the defendant was liable in the attachment—the proof offered having had relation only to his possession of funds as trustee—and, as to the defendant's prayers, if he was liable as garnishee, he was only chargeable to the extent of Nicholas Leister's interest; as ascertained in equity, and this had not been determined:

*Judgment reversed, and no procedendo.*

(Decided June 15th, 1858.)