# CIRCUIT COURT OF BALTIMORE CITY

Filed January 23, 1894.

BRAWNER
VS.
BRAWNER.

*T. S. Hodson* for plaintiff.

*Thomas Hughes* for defendant.

HARLAN, J.—

I am of opinion that the *ex parte* order of December 29th, 1893, allowing an attachment to be laid in the hands of the receiver, heretofore appointed in this case, should be rescinded. Petitioner relies in support of the order upon Elliott vs. U. S. Ins. Co., 7 Gill 307, wherein there was a decree, very similar to that in this case, appointing receivers and awarding an injunction, the only object of which as disclosed upon its face, was to provide for the safe keeping of the defendant's effects and to prevent a fraudulent transfer thereof, the decree not stating that the ulterior intent of the Court was to make an equitable distribution of the funds and containing no directions to the receivers to give notice to the creditors to file their claims, and it was *held* that this decree imposed no restrictions upon creditors prosecuting their claims at law, and that a judgment subsequently recovered by a creditor would be as much a lien on the real estate of the debtor as if the appointment of receivers had not been made.

The position of petitioner is that, inasmuch as the defendant, Brawner, was an absconding debtor, he as creditor had a statutory right to proceed at law by way of attachment, and should be permitted to lay the attachment in the hands of the receiver in order to make the same efficient and thus gain a priority of lien. The right of the creditor, where the decree appointing receivers, as in this case, does not direct a distribution among creditors or require notice to be given to them to come in and file claims, to sue out an attachment and have the same laid upon any property which had not been taken in charge by the receivers may be conceded, Farmers' Bank vs. Beaston, 7 G. & J. 428. But the case

relied on offers no authority for allowing an attachment to be laid in the hands of a receiver, which would be in effect to allow *the receiver to be sued at law*, for on return of the writ a suit is docketed against every garnishee who is warned to appear and show cause why a judgment of condemnation should not be rendered, which judgment, where it is to affect creditors, is a judgment *in personam*. The case of Ellicott vs. U. S. Ins. Co. only determines that where there is a decree placing property in a receiver's hands for safe keeping, without showing the ultimate object of the proceeding to be a distribution among creditors and without directing the receivers to give notice to the creditors to file their claims with the clerk of the Court, that creditors are not restrained *from suing the debtor at law* and prosecuting such suit to judgment. And inasmuch as the appointment of a receiver does not affect the title to the property in any way, the receiver's holding being merely the holding of the Court for the person really entitled; such judgment would become a lien on the real estate of the debtor in the receiver's hands from the time of its rendition, and no proceeding requiring creditors to bring in their claims for the purpose of receiving their distributive proportions of the property in the hands of the receiver could operate retrospectively to impair the validity of this lien.

It is well settled in this State and elsewhere that property in the hands of a receiver is *in custodia legis* and not subject to attachment. Farmers' Bank vs. Beaston, 7 Gill & Johnson 421; Glenn vs. Gill, 2 Md. 1, 18; Cockey, garn., vs. Leister, 12 Md. 129, 20 Am. & Eng. Enc. of Law, p. 14, v. 2; Beach on Receivers, Sec. 713 (Edition 1880). The following reasons are given for this rule in Cockey, garn., vs. Leister (supra). First, "That property or funds so situated, are under the control of the Court and may be withdrawn at any time from the trustee's (receiver's) hands in which event he could not respond to a judgment of condemnation, except out of his own estate, which would be manifestly unjust, and to allow one Court to interfere in this manner with funds under the dominion of another might not only produce confusion in settling the

trust, but also lead to conflict of jurisdiction." Second, "That by the attachment laws, a garnishee has the right of appearing to the action and confessing judgment for the amount in his hands and have his costs allowed out of that sum." "We think," say the Court, "that a person cannot be charged as garnishee, when his legal relation to the fund is such that he cannot take advantage of that provision in the law."

The application of the receiver to rescind the order allowing the attachment to be laid in his hands, which order was passed for the purpose of allowing the question to be raised, which is now decided, will be granted.