T. S. Sumwalt *vs.* William B. Tucker, James Wilkinson and James S. Downs, Trustee.

## Judgment lien—Judgment creditor—Remedy by Attachment.

Certain mortgaged property was sold under a decree of foreclosure, and the proceeds of sale, after allowance of expenses, &c., were audited to the mortgagee, but were insufficient to pay the whole of the mortgage debt. A judgment creditor of the mortgagor and mortgagee, whose judgment was subsequent to the dates of the mortgages, issued an execution after the decree for the sale of the mortgaged property had been passed, and had it levied thereon. The sheriff forbore to sell in consideration of a promise by the debtors to pay the amount of the judgment at a time designated. The money not having been so paid, a *vendi* was issued, to which the sheriff made return that the property had been sold at trustee's sale. The judgment creditor then filed a petition in the equity case, seeking to have his judgment paid out of the amount audited to the mortgagee, and also filed exceptions to the auditor's report and account. Held:

1st. That the judgment was not a lien upon the interest or estate of the mortgagee in the mortgaged premises.

2d. That the judgment creditor had no right to come into the case pending between the mortgagor and mortgagee, and have his judgment paid out of the fund audited to the mortgagee; he should have pursued his remedy at law by attachment against the fund in the hands of the trustee.

Appeal from the Circuit Court for St. Mary's County, in Equity.

The cause was argued before Bartol, C. J., Stewart, Brent, Grason and Robinson, J.

*Peter W. Crain,* for the appellant.

The judgment was against Tucker and Wilkinson, the mortgagor and mortgagee, and was prior to the decree by virtue of which the property was sold, and was a lien on

the legal estate of the latter, and the equitable estate of the former. *Hayden vs. Stewart,* 1 *Md. Ch. Dec.,* 463; *Timms and Wife vs. Shannon,* 19 *Md.,* 314.

If the sheriff had sold the property before the sale was made by the trustee, the purchaser would have been authorized to stop any further proceedings by an injunction, because a sale of the interest of Tucker, the mortgagor, and Wilkinson, the mortgagee, would have superseded the necessity of a sale, as the purchaser would have acquired all the interest in the property.

The appellant having obtained a lien on the real estate by virtue of his judgment, would have been allowed to intervene by petition in the case, before the decree, and there is no reason why he should be precluded from asking payment of his judgment from the proceeds of said estate after the fund is in Court. *Brawner vs. Watkins, et al.,* 28 *Md.,* 217.

No appearance for the appellees.

GRASON, J., delivered the opinion of the Court.

The facts of this case, as found in the record, are that Wilkinson obtained a decree in the Circuit Court for St. Mary's county, for the sale of certain real estate which had been mortgaged to him by Tucker, and that Downs was appointed trustee, who sold the property, and the sale was reported to, and ratified by the Court; and the auditor's account, after allowing expenses, &c., distributed the entire balance of the proceeds of sale to the mortgagee, that sum being insufficient to pay the whole of the mortgage debt, and still leaving a balance due the mortgagee. The appellant having obtained a judgment against the appellees Tucker and Wilkinson, after the dates of the two mortgages to Wilkinson, obtained an execution upon it after the decree for the sale of the property had been passed, and it was levied upon the land so decreed to be sold, but the sheriff forbore selling under the execution, in consideration of a promise made by

the appellees that they would pay him the amount of the judgment at the next succeeding term of the Court. The money not having been so paid, a *venditioni exponas* was issued, to which the sheriff made return that the property had been sold at trustee's sale. The appellant then filed his petition in the equity case of *Wilkinson vs. Tucker*, setting forth the above facts verified by the affidavit of the sheriff, in which it was also shown that the sheriff could find no property of the appellees, besides that upon which he had made the levy, out of which he could make the money. The appellant at the same time also filed exceptions to the auditor's report and account. The Court below dismissed the petition and overruled the exceptions to the auditor's account, and from that order this appeal is taken; and the question to be determined is, whether a judgment creditor can come into a case pending in equity and have a fund, which has been audited to the mortgagee, who is the defendant in the judgment, applied in satisfaction of his judgment. We have no difficulty in deciding this question. Although the lien of the judgment attached upon the equity of redemption of the mortgagor and any fund remaining, after the payment of the mortgagee's debt, might have been applied to the payment of the judgment of the appellant, yet in this case no surplus remained, and therefore the equity of redemption, upon which the judgment was a lien, proved to be of no value. The judgment was not a lien upon the interest or estate of the mortgagee in the mortgaged premises. If it was, then the payment of the mortgage debt by the mortgagor, or an assignment of the mortgage by the mortgagee, could not defeat the lien of an older judgment, upon the mortgagee's interest in the land. A mortgage is regarded in equity as a security for the payment of money, and it is not liable to execution and sale. 4 *Kent's Comm.*, 161, *marg.*, and the cases there cited.

The case of *Brawner vs. Watkins, et al.*, 28 *Md.*, 217, cited in argument by the counsel of the appellant as authority for a judgment creditor coming into an equity case by petition,

Sumwalt *vs.* Tucker, *et al.*

is not to the point. In that case a bill was filed to foreclose a mortgage prior in date to the judgment of *Watkins, and others*, as well as a creditor's bill for the sale of the real estate of *Shackleford*, whose personal estate was insufficient to pay his debts, and the cases were consolidated and a decree passed,' and notice was given to creditors to come in, but *Watkins* did not come in, and it was held by the Court that he was bound to seek payment of his judgment out of the proceeds of sale, and that he could not enforce his judgment against the land in the possession of *Brawner*, the purchaser at the trustee's sale. In the case now before us, the appellant had no right to come into the case pending between the appellees and have his judgment paid out of the fund audited to Wilkinson, the mortgagee and complainant in that case, but ought to have pursued his remedy at law, by attachment, against that fund in the hands of Downs, the trustee, his right to such remedy being fully established by the cases of *Cockey vs. Leister*, 12 *Md.*, 124; *McPherson vs. Snowden*, 19 *Md.*, 233, and *Groome vs. Lewis*, 23 *Md.*, 150. Having no standing in a Court of Equity, he consequently had no right to file exceptions to the auditor's account, and they were properly overruled, and the order of the Court below overruling the exceptions and dismissing the petition of the appellant must be affirmed.

*Order affirmed and*
*cause remanded.*

(Decided 16th February, 1871.)

STEWART, J., dissented.