## ROBERT SHRIVER vs. GEORGE CLAUSON.

*Legacy Charged on Land—Sale Under Mortgage Executed by De-
visee—Distribution of Proceeds.*

Appeal from an order of the Circuit Court for Allegany
County (SLOAN, J.) *Affirmed.*

Maggie E. Zapf, by her last will, devised to her husband,
George E. Zapf, all of her real estate, consisting of a house
and lot in the city of Cumberland, provided that when it
should be sold, her daughter, Maggie, should " have and
receive from the proceeds of sale the sum of two hundred
dollars, and the said sum of two hundred dollars is hereby
made a charge on the real estate." Later on and after the
death of the testator, the devisee, having remarried, exe-
cuted, with his wife, Elizabeth, a mortgage to the appellee
Clauson to secure an indebtedness of seven hundred dollars
and interest. The mortgage contains a power of sale to
Clauson, his personal representatives or assigns ; or to D. J.
Blackiston, to be executed upon default being made by the
mortgagor in the payment of any part of the mortgage debt
or the interest accrued thereon. This having occurred,
Blackiston, the attorney, in the usual manner made sale of
the premises. After the sale was finally ratified by the
Court, the proceeds thereof were referred to the auditor to
state an account. In his statement, after the allowances for
costs and the expenses of the sale, the auditor awards to
the appellee the principal and interest of the mortgaged
debt ; and the residue of the proceeds of sale, being the
small sum of $56.26, is distributed to Robert Shriver, who

holds a junior mortgage on the property. To the ratification of this account, Shriver, who was also the purchaser of the property, excepts, because the auditor ignored and entirely omitted the lien of the daughter, Maggie, for the sum of two hundred dollars ; which· it is contended should have been paid and distributed out of the fund, the will of the testator having required that she should receive that sum out of the proceeds of sale. It should also be stated, that Maggie, the daughter, did not join in the mortgage, under which the property was sold, nor is she, in any manner, a party to these proceedings. The Court said : " It is difficult under these circumstances, to perceive how her interest in the real estate has been affected by the sale. The effect of the mortgage was to convey to the mortgagee only the interest that was then in George Zapf and his then wife. At law, it passed to the mortgagee the title that was then in Zapf, though in equity the mortgage must be regarded as merely a security for the debt. *Timms* v. *Shannon*, 19 Md. 314 ; *Sumwalt* v. *Tucker*, 34 Md. 91.

" The testatrix has placed no limitations upon the power of Zapf to encumber the property, further than that imposed by the clause that places Maggie's lien on the real estate, beyond his capacity to affect ; although it was obvious that by so encumbering it Zapf might be possibly divested of his entire interest. She seems, however, to have thought of the possibility, that if Maggie was compelled to rely upon receiving her legacy from Zapf only after he should make a sale and out of the proceeds of sale, it would be uncertain whether she would ever get it, and to meet this possibility she declared that the two hundred dollars should be a charge on the property. Zapf therefore had no power to destroy this lien. His mortgage and the sale under it, merely operated to put the purchaser in his place, so that he took only the rights of the devisee subject to the lien of the daughter. With a full notice of this, the purchaser is chargeable. The advertisement of sale notified all prospective bidders, that what was to be offered, was " the right, title, claim and interest of George J. Zapf and his wife. " These words, it is

true, appear by a type-written addendum to the printed advertisement, but whether they can be regarded as technically a part of the advertisement, or not, they were quite sufficient to notify all persons of the character of the interest to be offered. The body of the advertisement also contained a specific reference to the records, and an examination of them would have disclosed every fact bearing upon the condition of the title. This case, therefore, falls within that class of cases, wherein a sale made under a junior lien does not affect the prior and superior lien. The purchaser has bought with full notice, that Maggie Zapf is not a party to the proceedings in any manner, and that she holds a lien superior to that of the mortgage, which she may at any time enforce by proper proceedings in equity. It follows from what we have said, that inasmuch as only the interest of George Zapf in the property has been sold, the proceeds of the sale must be distributed to his creditors in the order in which they may be entitled. The audit as made should therefore be ratified."

Opinion by PAGE, J., filed June 21st, 1899.

*J. W. S. Cochran* for the appellant. Submitted for the appellee on brief by *D. J. Blackiston.*