# CIRCUIT COURT OF BALTIMORE CITY.

Filed January 23, 1912.

PHILIP BERNSTEIN AND MAX COHEN, TRADING AS BERNSTEIN, COHEN & COMPANY,
VS.
JENNIE B. HEIATZMAN AND OTHERS.

*Robert Biggs* for plaintiff.
*J. H. Wyman* and *T. Scott Offutt* for defendants.

BOND, J.—

I think the objection of the jurisdiction of the equity court in this case is fatal. The bill is filed by judgment creditors of Albert M. Horner, to have applied in satisfaction of their judgment money which it is alleged the defendant, Mrs. Goodwin, owed Horner as the purchase price of property bought at the foreclosure of a mortgage upon it. It is not a bill to set aside any conveyance or act. (Code, Art. 16, Sec. 46. Bagby's Code, Sec. 47.)

It is prayed that the mortgage referred to, be declared to have been owned, in fact, by Horner; but that would be merely as a step in ascer-

taining the supposed fact of Mrs. Goodwin's present indebtedness to Horner for the purchase price of the property sold. There is no prayer that the foreclosure be affected, or that the mortgage be affected; both are accepted as past and closed matters.

The appropriation of a given sum of money is the sole object of the bill, and the mortgage, the supposed fraudulent concealment of ownership in Horner, and the foreclosure, all figure in the case simply in the evidence offered to prove ownership of the money now alleged to be in Mrs. Goodwin's hands.

Again, the bill is not one for discovery. Discovery in advance of the testimony was apparently not a matter of any advantage to the complainants.

The only ground on which equity jurisdiction is to be based, if at all, is that the legal remedy of attachment laid in the hands of Mrs. Goodwin would have been inadequate, as Mrs. Goodwin could not have been compelled to pay the money until a deed should be executed and delivered to her—steps which the aid of a court of equity might be needed to complete. And the absence of any deed from the record at the time suit was brought naturally enough led the complainants to suspect there was none in existence.

But, in point of fact, it appears from the evidence which the court is bound to accept that the sale was finally ratified and the deed executed prior to the institution of this suit. I cannot say upon this evidence that an attachment would have proved inadequate, a fact which I must find to sustain the jurisdicton.

And then, too, in point of law, the complainants seem not to have pursued steps which the law requires as preliminary to the vesting of jurisdiction of such a creditor's suit in equity. As said above, this is not a suit to set aside any conveyance, nor is it a bill for discovery.

It is merely a judgment creditor's suit to have a court of equity apply to the judgment money which the complainants have reason to believe is or may be in a situation in which they cannot reach it at law.

Before the aid of a court of equity can be had for such purpose, it must be shown that the creditors have exhausted their legal remedies, by way of execution, to no avail, or that, clearly by reason of the obvious conditions, any such action would have been futile.

As this remedy is based upon the incapacity to obtain relief at common law, it is incumbent upon the complainant, as a general rule, to show that he has exhausted his common-law remedies before resorting to equity.

This is generally done by showing that he has obtained a judgment, has issued execution, and that there has been a return thereon of *nulla bona*."

Bispham's Princ. of Equity (8 ed.), Sec. 527.

Balls vs. Balls, 69 Md., 388, 389.

Morton vs. Grafflin, 68 Md., 545, 563.

Frederick Co. Bank vs. Schafer, 87 Md., 56-57.

See Sumwalt vs. Tucker, 34 Md., 89, 92.

On the merits, I shall not discuss the evidence in detail. It does, as argued by the complainants, contain much that creates suspicion of combined efforts to conceal Horner's funds from his creditors; and some testimony that can hardly be accepted as true.

But after a careful examination of the whole, I am unable to find from it as a fact that Mrs. Goodwin was indebted to Horner at the time of the institution of this suit, or held funds of his which the law might compel her to pay over to his creditors.

—I shall sign a decree dismissing the bill.