# WILLIAM R. KINSEY ET AL.

## vs.

## D. H. ROLAND 'DRURY ET AL.

*Sale Under Mortgage—Fraud as to Creditors—Injunction.*

Code, art. 16, sec. 47, providing that in a proceeding to vacate a conveyance or contract as in fraud of creditors, it shall not be necessary for the plaintiff to have obtained a judgment, does not apply to a proceeding to restrain a mortgage sale as in fraud of the mortgagor's creditors, and to have the mortgaged land declared subject to the claim of plaintiff.

p. 690

Persons who are not judgment or lien creditors of a corporation, are not parties to a mortgage executed by it, and have no interest in the land described therein, but are mere general creditors, cannot question such instrument on the ground that the consideration named therein is false, that the instrument is usurious, that it has no affidavit, or that it was not recorded within six months of its execution. pp. 689-691

A mere charge of fraud, unsupported by facts upon which it was based, sufficient to justify the inference, *held* not to be entitled to consideration. p. 691

General creditors of a corporation cannot maintain a bill to restrain a sale under a mortgage, made by the corporation, on the ground that the execution of the mortgage was in pursuance of a plan to defraud the corporation and the complainants, in the absence of evidence showing what rights complainants had to prevent the corporation from defrauding itself, or how its fraud could affect their rights, or what the plan was. p. 691

*Decided November 17th, 1922.*

Appeal from the Circuit Court for Howard County, In Equity (FORSYTHE, J.).

Opinion of the Court.

Bill by William R. Kinsey, Albert E. Burley, and Ira S. Crawford against D. H. Roland Drury and E. Erlie Talbott, trustees, and A. Howard Earp, auctioneer. From an order in favor of defendants, plaintiffs appeal. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*William H. Surratt,* with whom was *Paul R. Hassencamp* on the brief, for the appellants.

*James Clark,* with whom was *William Stanley* on the brief, for the appellees.

OFFUTT, J., delivered the opinion of the Court.

This appeal was taken from an order of the Circuit Court for Howard County, in equity, dissolving a preliminary injunction restraining the appellees from selling certain real estate of The Brightwood Sanatarium Company, and from foreclosing a deed in the nature of a mortgage given by that company to D. H. Roland Drury and E. Erlie Talbott, trustees, to secure the repayment to Mildred B. Drury of a loan of $22,500, according to the tenor of ten promissory notes evidencing said indebtedness.

The bill of complaint was filed by William R. Kinsey, Albert E. Burley and Ira S. Crawford, as "creditors of the Brightwood Sanatarium Company," against Drury and Talbott, trustees, and A. Howard Earp, auctioneer, and in substance it charges these facts: That on November 17th, 1920, the company executed "what purported to be a deed of trust or mortgage of its lands situate in Howard County, at or near Laurel, to secure an alleged loan of twenty-two thousand five hundred dollars ($22,500) alleged to have been borrowed from one Mildred B. Drury." It also states that the complainants were creditors of the company, "whose claims accrued subsequent to the date" of the mortgage deed

of trust and that their claims were, at the time the bill was filed, liabilities of the company. It further stated that the defendants had advertised and were about to sell the property because of an alleged default in the payment of the principal and interest due under the deed, and it then charges (1) that the deed of trust is void because it is in truth a mortgage and is not supported by an affidavit, that the consideration therein set forth is true and *bona fide,* (2) that the consideration set forth in said deed is fictitious and untrue, and (3) that "the execution of said mortgage or deed of trust in the nature of a mortgage by the corporate officials of the Brightwood Sanatarium Company was made in pursuance of a plan or scheme between the said body corporate and the trustees mentioned in said mortgage or deed of trust in the nature of a mortgage for the purpose of defrauding the said body corporate" and the complainants, and (4) that the actual consideration which passed from the mortgagee was less than that named in the instrument, and (5) that the mortgage deed of trust was usurious on its face because it provided for the payment of interest at the rate of seven per cent. on the alleged indebtedness. And it further charges that there was no real default in the payment of the principal or interest due under the deed of trust, but that the foreclosure was collusive and fraudulent and for the purpose of defeating the rights of the plaintiffs. It is also alleged that the deed was not recorded within six months from the date of its execution and was void as against the complainants, "all of whom became creditors of the said Brightwood Sanatarium Company without actual notice of said mortgage or deed of trust in the nature of a mortgage." And finally it alleged that if the defendants were allowed to sell the property the complainants would suffer irreparable injury and that they had no adequate remedy at law. Upon these allegations the following relief was asked: (1) That the said D. H. Roland Drury and E. Erlie Talbott, the trustees named in the said mortgage or deed of trust in the nature of a mortgage, and A.

Howard Earp, auctioneer, may be enjoined from foreclosing the same or selling said property or in any manner proceeding against said property, entering thereupon or taking possession thereof to the prejudice of your orator. (2) "That the land mentioned in the bill of complaint and in the complainants' exhibit No. 1 be declared by decree of this honorable court to be subject to the payment of the claims of your orators and all others in like situation."

Upon this bill, supporting affidavits, and exhibits, a preliminary injunction issued, and after that answers were filed by the defendants in which they denied any knowledge of the complainants' claims, but admitted the execution of the deed and of their intention to sell the property referred to in it. They admitted that the deed was without affidavit and that it was not recorded within six months of its date, and that it provided for the payment of interest at seven per cent. on the indebtedness, but they denied that the want of an affidavit, or the failure to record it within six months of its date, affected the rights of the parties to the mortgage deed of trust under the circumstances of this case, and they also denied that the consideration named in it was fictitious or untrue, or that there was any fraud or collusion either in the execution of the deed or in the proposed foreclosure thereof, and they further denied that there was no real default on the part of the company in respect to the covenants of the deed of trust, and they deny that the rate of interest provided in the deed is usurious because, they say, the usury laws of the State do not apply to loans to corporations. They deny that any irreparable injury will result to the plaintiffs from a sale of the property under the deed, and deny that the plaintiffs were without notice of the deed at the time their claims accrued. They then set up these defences:

"That the plaintiffs have not stated in their bill such a case as entitles them to any relief in equity against these defendants.

"That the plaintiffs are not parties to said deed of trust, nor do they claim any right to or interest in

the property thereby conveyed, derived and accruing after the recording thereof; that they have not, on oath, alleged that the debt therein stated to be secured thereby, and all the interest thereon, has been fully paid, or that some stated part of such debt or interest has been paid, and that credit therefor has been refused; nor have said plaintiffs alleged in said bill the particulars of any fraud used by these defendants, or the persons holding the notes secured by said deed of trust, or with their knowledge in obtaining said deed of trust.

"That before the plaintiffs can ask this court for relief by injunction, to prevent the exercise of the power of sale in said deed of trust contained, they must either allege and maintain that the whole debt secured by said deed of trust has been paid, or they must bring into court the amount admitted to be due.

"That the plaintiffs have not stated in their said bill of complaint, with the particularity required by law, how, when and for what they became creditors of the Brightwood· Sanatarium Company.

"That the notes secured by said deed of trust are negotiable instruments, complete and regular upon their faces, that they were negotiated in due course, and are now held by holders in due course."

After filing their answers the defendants moved for a dissolution of the injunction and that motion was set down for a hearing. The general replication was filed and testimony was taken, in support of the bill and answers. From that testimony it appeared that several of the plaintiffs are stockholders of the Sanatarium Company and that all of them have claims against it for labor or materials furnished it, but that none of these claims had been reduced to judgment. There was also testimony that D. H. Roland Drury, a money lender doing business in Washington, who procured the loan from his wife, and who handled the proceeds thereof, only turned over $14,262 to the company. Of the balance he retained $7,500 as a bonus or ·fee for his services, but just

what was done with the remaining $738 does not clearly appear, except that some part of it was applied to the payment of interest. It also appears that the promissory notes held by Mrs. Drury were endorsed "without recourse" to third persons, to whom Drury had sold them.

Upon this testimony the court passed the order dissolving the preliminary injunction to which we have referred.

The appellants attack the correctness of that adjudication on various grounds, all of which refer to the validity and effect of the so-called mortgage deed of trust, but the case really turns upon a very much narrower point and that is, whether the appellants' interest in the deed or the property affected by it gives them the right to the relief prayed.

It may be true, and the testimony warrants the inference, that in the transaction between the Brightwood Company and Drury the company was the victim of an extortionate and an unconscionable transaction, and it may even be admitted that the instrument which is the subject of this suit is a defective mortgage for the reasons stated by the appellants, and yet these circumstances must be regarded as entirely irrelevant and immaterial in this inquiry, unless it appears that the appellants have an interest in the subject of this suit sufficient to allow the court to take cognizance of their complaint.

The complainants are not judgment or lien creditors of the company, are not parties to the deed, and have no interest whatever in the land referred to and described in the mortgage deed of trust, but are mere general creditors of the company. The general rule, applicable under such circumstances, is very clearly stated by Mr. Miller in his work on *Equity Procedure,* p. 832, in these words: "Except where changed by statute, it is an invariable rule that the holder of a debt cognizable at law cannot obtain relief in equity, until he has shown that his legal remedies are inadequate. If he seeks to subject real estate to the payment of his debt, he must obtain a judgment creating a lien upon it; if he is pur-

suing a personal estate, he must obtain a lien by an execution on his judgment. When he has by these means acquired an interest in his debtor's property, he will be in a condition to ask the aid of a court of equity, if, in other respects, he can show a case within its jurisdiction." The only exception to that rule which is material here is that provided by section 47, article 16, Code Pub. Gen. Laws of Maryland, relating to fraudulent conveyances, which provides in part that "in no case of a proceeding in equity to vacate any conveyance or contract, or other act, as fraudulent against creditors, shall it be necessary for any creditor or plaintiff in the cause to have obtained a judgment at law on his demand, in order to the relief sought in the case, either in his own behalf or in the behalf of any other creditors who shall claim to participate in the benefit or the decree in the case." But that exception does not apply to this case, for it relates only to a proceeding "to vacate" a conveyance or contract or other act which is fraudulent as against creditors, while this suit is not to "vacate" a conveyance, but (1) to restrain a mortgage sale under the power in an alleged mortgage, and (2) to hold the land covered by the mortgage to be subject to the claims of the appellants. Restraining a mortgage sale is of course a different thing from vacating the mortgage, and cannot be said to be within the language of the statute, which looks, not to preventing that which is about to be but has not been done, but to undoing and vacating what has been actually done. *Frederick County Bank* v. *Schafer,* 87 Md. 57; *Balls* v. *Balls,* 69 Md. 389.

And as the status of the complainants is within the general rule, but not within the exception, for that, if for no other reason, they cannot in our opinion maintain this suit. For aside from that statute they have no interest in the deed of trust or in the land described in it. It may be conceded that the instrument is a mortgage, that the consideration named in it is false, that it is usurious, that it has no affidavit and was not recorded within six months from the date of its execution,

but all these facts, if they be such, do not themselves give the plaintiffs any right to complain of them, because they are not parties to the deed and have no interest in the land, and are strangers to the entire transaction between the company and the mortgagee. Preventing the foreclosure sale would in no wise benefit the plaintiffs, nor indeed would the actual striking down of the mortgage help them, since the property freed from the lien would not be their property, nor could they subject it to the payment of their claims until they were reduced to judgment.

Nor is there anything to be found in the record to support the charge of fraud. A mere charge of fraud unsupported by the facts upon which it is based sufficient to justify the inference is entitled to no consideration in such a case as this. *Miller's Eq.* sec. 93.

It is charged that the execution of the mortgage by the Sanatarium Company was in pursuance of a plan to defraud itself and the complainants. There is nothing in the evidence to show what right the complainants had in this proceeding to prevent the company from defrauding itself or how its fraud could, if proved, affect any rights of the complainants, or what the plan or scheme was. Unless it was at the time insolvent, the company defrauded no creditors by mortgaging its property, unless it did so with a deliberate intent to so strip itself of all tangible assets as to prevent existing creditors from collecting their claims, and there is no such testimony in the record. It is also charged that the proposed foreclosure of the mortgage is collusive and a fraudulent attempt to defeat the complainants' rights. This, too, is a mere charge based upon no facts which show what rights the complainants have, or how they would be defeated by the foreclosure.

Obviously, if the company was solvent, and there is nothing to indicate that it was not, what it did with its property or what deeds or mortgages it executed, or what if any defects existed in such deeds and mortgages, were matters which

affected its officials and stockholders and the parties to its acts, and no others, and whether under such circumstances its acts were fraudulent or not must be measured by their relation to the company, its officials and stockholders, and not by their aspect or appearance to strangers without interest in the corporation or its acts.

The only possible interest the plaintiffs could have had in the company or its property was to subject its property to the lien of any judgment they might obtain, but so long as the debtor remained solvent, that interest was not of such a character as to give them any "rights" in the creditors' property, or to justify a court, in the absence of a judgment, in subjecting the property to the creditors' claims. *Morton* v. *Grafflin,* 68 Md. 562; *Balls* v. *Balls,* 69 Md. 389.

Taking this view of the case, it becomes unnecessary to discuss the other questions presented by the record, and, without prolonging this opinion, it is .sufficient to say that for the reasons stated we agree with the conclusion reached by the lower court, and the order appealed from will be affirmed.

*Order affirmed, with costs.*