JOSEPH GALEANO ET UX. *v.* DANIEL
GALEANO ET UX.

[No. 860, September Term, 1973.]

*Decided May 17, 1974.*

The cause was argued before ORTH, C. J., and MORTON and GILBERT, JJ.

*Richard K. Jacobsen,* with whom was *Richard N. Kerr* on the brief, for appellants.

*Trent L. Seawell* for appellees Daniel Galeano et ux. *Howard DeMuth, Jr.,* for Allied Plumbing and Heating Company, appellee-intervenor.

GILBERT, J., delivered the opinion of the Court.

In this appeal we are asked the questions whether the Chancellor erred in sustaining appellees' exceptions to an account and in modifying the account as made by an auditor in a foreclosure proceeding. Our answer to the specific questions is no, but for the reasons stated *infra* we, nevertheless, reverse the judgment of the Circuit Court for Baltimore County and remand the matter for the entry of an order not inconsistent with this opinion.

The facts giving rise to the instant case succinctly stated are as follows. Daniel and Joann Galeano (for purposes of simplicity hereinafter referred to collectively as Daniel), on June 18, 1965, executed a deed in the nature of a mortgage of their property known as 721 50th Street, Dundalk, Maryland, to Galeano Construction Company (Galeano Co.) to secure the loan of $7,290.39. Simultaneously therewith Daniel executed a confessed judgment note payable to Galeano Co., for the identical sum. Thereafter on May 20, 1966, Galeano Co., for a valuable consideration, conveyed the property to Joseph and Vera Galeano, appellants. Neither deed was at the time of its execution recorded. Subsequently, Allied Plumbing and Heating Company (Allied) obtained judgment against Galeano Co. in the amount of $5,127.69 upon which a payment was made reducing the then balance to $4,066.19. Appellants recorded both deeds, *i.e.,* the one from Daniel to Galeano Co. dated

June 18, 1965 and the other from Galeano Co. to appellants dated May 20, 1966, approximately three months after Allied had obtained its judgment against Galeano Co. The mortgage from Daniel being in default, appellants filed in the Circuit Court for Baltimore County a foreclosure proceeding against Daniel. A trustee was appointed and the property was sold at a public auction for $43,500.00. Following the auction sale, Allied filed a petition to intervene in the foreclosure proceeding, and the petition was granted. It was the position of Allied that their judgment was superior to the mortgage lien of appellants because it was obtained prior to the time the two deeds, one in the nature of a mortgage and the other in the nature of an assignment of the mortgage, were recorded. That issue, however, was not decided in the trial court and is not now before us. Md. Rule 1085.

On August 27, 1973 the auditor stated his account in which he credited the appellants, inclusive of interest and cost, with $8,072.93. He further charged as a claim against Daniel the then balance due on Allied's judgment, including interest and cost, of $5,331.06. Two judgments in favor of Baltimore County were allowed in the account, but a third judgment against Galeano Co. was disallowed. Although the County excepted to the auditor's report, it has not appealed from the Chancellor's overruling of that exception.

Allied was never a creditor of Daniel, and its judgment was not against him. We are unable to comprehend how the auditor could have charged Daniel with the debt of the appellants, so that the appellants not only received payment in full of the mortgage indebtedness due them by Daniel, but also received the unusual benefit of having their obligation, if indeed it be their obligation as distinguished from that of the Galeano Co., paid for them out of the surplus funds resulting from the mortgage sale. In his "Memorandum" accompanying his order, the Chancellor stated:

> "This Court cannot conceive of any rule or principle of law that would allow a claim against the mortgagee to be satisfied from the interest of the mortgagor."

The Court then concluded:

> "Allied cannot prevail against [Daniel] but is entitled to have its claim satisfied out of the funds allowed to [appellants]."

We agree with the first quoted statement of the Chancellor, but he was without authority to satisfy Allied's judgment against appellants as a result of Allied's petition to intervene in the foreclosure proceeding.

It is well established in this State that a lien of a judgment creditor does not attach to bare legal title held by an equitable mortgagee or one holding a similar interest as security for an outstanding debt. *Kingsley v. Makay*, 253 Md. 24, 251 A. 2d 585 (1969); *Stebbins-Anderson Co. v. Bolton*, 208 Md. 183, 117 A. 2d 908 (1955); *Caltrider v. Caples*, 160 Md. 392, 153 A. 445 (1931). This is so because the holder of a mortgage does not own the land but merely the right to possess the land in the event of default of the mortgage terms. A mortgage has long been regarded as personalty [1] — a chose in action or chattel interest. *Duval v. Becker*, 81 Md. 537, 32 A. 308 (1895); *Washington Fire Ins. Co. v. Kelly*, 32 Md. 421, 3 Am. Rep. 149 (1870); *Timms v. Shannon*, 19 Md. 296, 81 Am. Dec. 632 (1862). Judgments are not liens upon personalty unless there has been an actual delivery of a writ of *fieri facias* to the sheriff or chief constable.* *Illi, Inc. v. Margolis*, 267 Md. 30, 296 A. 2d 412 (1972); *Harris Tr. v. Max Kohner, Inc.*, 230 Md. 349, 187 A. 2d 97 (1963). Notwithstanding the general rule in regard to execution upon personalty, the interest of a mortgagee is not subject to execution prior to foreclosure. 5 *Tiffany, The Law of Real Property* § 1412 (3rd ed. 1939). 2 *Jones, A Treatise on the Law of Mortgages of Real Property* § 867 (8th ed. 1928). The reason for such an exception is that the allowing of attachments on the mortgagee's interest would result in the embarassment of the mortgagor and create utter confusion

---

1. Black's Law Dictionary 1301 (rev. 4th ed. 1968) defines personalty as, "Personal property; movable property; chattels."

*But see* Courts and Judicial Proceedings Article, § 11-403, effective January 1, 1974.

in the land records. A mortgagor would be placed in a position of having defaulted in his mortgage merely because he knew not whom to pay. The exception has been created, not for the purpose of protecting a mortgagee from garnishment, but rather to protect the mortgagor from the creditors of the mortgagee.

1 *Hilliard, The Law of Mortgages of Real and Personal Property* 273 (rev. 4th ed. 1872) comments:

"In consequence of the peculiar nature of the mortgagee's interest, as being a mere lien or pledge, such interest is not liable to be *taken and sold on execution* by his creditors."

The late Eli Frank,[2] in his work entitled *Title to Real and Leasehold Estates and Liens* (1912), said at 239:

"As to everybody else except the mortgagor, even at law, the mortgagee is not considered the substantial owner; he has but a dry legal title, which cannot be affected by the lien of a judgment against him."

Similar statements are found in other texts and decisions of appellate courts. *See, e.g.,* 1 *Glenn, Mortgages, Deeds of Trust and Other Security Devices as to Land* § 27.6 (1943); 2 *Freeman, A Treatise of the Law of Judgments* § 963 (rev. 5th ed. 1925); *Hodge and McLane, The Law of Attachment in Maryland* § 124 (1895); *Pettus v. Gault,* 81 Conn. 415, 71 A. 509 (1908); *Strauss v. White,* 66 Ark. 167, 51 S. W. 64 (1899); *Morris & Co. v. Barker,* 82 Ala. 272, 2 So. 335 (1886).

In 1871 the Court of Appeals decided the still viable case of *Sumwalt v. Tucker,* 34 Md. 89 (1871). There the Court considered a situation wherein a judgment creditor of the mortgagee and mortgagor filed a petition, which was allowed, to intervene in a foreclosure proceeding. The creditor then filed exceptions to the auditor's report and account. The question before the Court was "whether a judgment creditor can come into a case pending in equity and have a fund, which has been audited to the mortgagee,

---

2. A Judge of the Supreme Bench of Baltimore City from June 6, 1922 to February 8, 1944.

who is the defendant in the judgment, applied in satisfaction of his judgment." The Court said:

> " . . . [T]he appellant had no right to come into the case pending between the appellees and have his judgment paid out of the fund audited to . . . the mortgagee . . . but ought to have pursued his remedy at law, by attachment, against that fund in the hands of . . . the trustee . . ., his right to such remedy being fully established . . . . [Citations omitted]. Having no standing in a Court of Equity, he consequently had no right to file exceptions to the auditor's account, and they were properly overruled. . . ."

*Ginsberg, Mortgages and Other Liens in Maryland* 369 (1936) states:

> " . . . [T]he mortgagee's rights [in the mortgage] are regarded as personalty, and so, a judgment creditor of the mortgagee cannot proceed by petitioning the court of equity to assign him the fund due the mortgagee. He must proceed by attachment in a court of law and attach the fund due the mortgagee as he would any ordinary debt." (Footnotes omitted).

It is clear that under the holding in *Sumwalt v. Tucker, supra,* Allied should not have been allowed to intervene in the foreclosure proceeding. It is equally clear that the Chancellor erred in charging the interest of the appellants-mortgagees with the claim of Allied. If Allied is to have satisfaction of its judgment against the appellants-mortgagees, that satisfaction must be by way of an attachment laid in the hands of the trustee.

> *Judgment reversed; case remanded for further proceedings not inconsistent with this opinion.*
>
> *Costs to be paid by Allied Plumbing and Heating Company.*