## CLARENCE M. BULL, INC. *v.* ROBERT C. GOLDMAN ET UX., ET AL.

[No. 509, September Term, 1975.]

*Decided March 26, 1976.*

The cause was argued before MOYLAN, DAVIDSON and LOWE, JJ.

*David L. Dowell,* with whom was *Irvin J. Brodsky* on the brief, for appellant.

*Kenneth J. MacFadyen,* with whom were *Alvin E. Friedman* and *Friedman, Glorioso, Cohen & MacFadyen, P.A.* on the brief, for appellees.

DAVIDSON, J., delivered the opinion of the Court.

On 4 December 1974, in the Circuit Court for Baltimore County, the appellant, Clarence M. Bull, Inc. (judgment creditor), filed a bill of complaint, seeking a judicial sale of real property to satisfy a judgment against Joyce Building Company (seller). The appellees, Robert C. and Phyllis R. Goldman (purchasers) were the then owners, and the Carrollton Bank of Baltimore (mortgagee) was the then mortgagee of the real property. On 9 May 1975, Judge John E. Raine, Jr., after a hearing, sustained the appellees' second demurrer to an amended bill of complaint, without further leave to amend. This appeal was taken from that order.

The amended bill of complaint alleged in paragraph 1 that the judgment creditor had obtained a judgment against the seller for $6,153.12 on 31 July 1974, and that on 14 August 1974, execution was issued. The complaint further alleged in paragraph 1 that the contract for the sale of the property, entered on 19 April 1973, failed to transfer equitable title to the purchasers because the seller "was not then seized with the land;" that the seller obtained title to the land on 7 August 1973; and that the deed from the seller to the purchasers, and the mortgage between the purchasers and the mortgagee were executed on 16 September 1974. The judgment creditor claimed that because the judgment was recorded and execution issued before 16 September 1974, it was entitled to a judicial sale of the property to satisfy the judgment.

Paragraph 2 of the complaint alleged the same facts, and claimed that "under the circumstances, a constructive trust by operation of law arose" as to "any funds in the hands of the Defendants or either of them due or payable to Joyce as of the date of the judgment . . . ," and that "the Defendants became constructive trustees thereof for the benefit of the Plaintiff." Count 2 then charged a violation of the constructive trust.

The purchasers and mortgagee demurred to the amended bill of complaint, maintaining in relevant part that their claim to the property was superior to that of the judgment

creditor because the purchasers held equitable title to the real property under the contract of sale at the time the judgment creditor obtained its judgment and execution issued. They further charged that the bill failed to allege the essentials calling for the imposition of a constructive trust. In its memorandum of decision, filed 2 July 1975, the trial court said:

> "A contract purchaser holds the equitable title under the contract of sale and has a superior claim to that of a creditor of the seller who obtains a judgment against the seller after the date of the contract. *Stebbins-Anderson Co. vs Bolton*, 208 Md. 185, and cases there cited.

> "This is the fact situation presented by the pleadings and counsel suggests no amendment that would render the above principle inapplicable."

On appeal, as below, the judgment creditor contends that equitable title did not pass to the purchasers before 16 September 1974, because, among other things, the seller did not have title on 19 April 1973, the date the contract of sale was executed. It argues that under these circumstances, the purchasers' property was subject to levy, and the purchasers themselves became constructive trustees for the judgment creditor.

From the time of its execution, an unrecorded contract of sale of real property passes equitable title to the purchaser. Thereafter, pending fulfillment of the contract and conveyance, the seller retains only legal title.[1] A judgment obtained by a third person against the vendor after the execution of the contract does not defeat or impair the purchaser's equitable interest, nor does it constitute a lien on the purchaser's land.[2]

---

1. Stebbins-Anderson Co. v. Bolton, 208 Md. 183, 188, 117 A. 2d 908, 910 (1955); Burroughs v. State, 21 Md. App. 648, 657, 320 A. 2d 587, 592 (1974); *See* Motels of Maryland, Inc. v. Baltimore County, 244 Md. 306, 313-14, 223 A. 2d 609, 613 (1966).

2. Kingsley v. Makay, 253 Md. 24, 28, 251 A. 2d 585, 587 (1969); Stebbins-Anderson Co., *supra;* Caltrider v. Caples, 160 Md. 392, 396, 153 A. 445, 447 (1931); *see* Eastern Shore Building & Loan Corp. v. Bank of Somerset, 253 Md. 525, 530, 253 A. 2d 367, 370 (1969); Galeano v. Galeano, 21 Md. App. 208, 211, 319 A. 2d 129, 131 (1974).

Here, the contract of sale was executed on 19 April 1973, the seller acquired title to the property on 7 August 1973, and the property was conveyed to the purchasers by deed on 16 September 1974. The judgment creditor did not get its money judgment against the seller until 31 July 1974. Regardless of whether equitable title passed when the contract was executed, or when the seller obtained title, the purchasers held equitable title to the real property before the entry of the judgment. Their equitable interest was not affected by the subsequent judgment against the seller. The trial court properly sustained the demurrer. Accordingly, we shall affirm.

Additional issues raised in the judgment creditor's brief, to the effect that the purchasers held no equitable title because the contract was not specifically enforceable, and because the purchasers did not act in good faith, do not appear to have been raised or decided below. Neither the original or amended bill of complaint, nor the demurrers indicate that such issues were raised or decided. Under such circumstances, these additional issues are not properly before us.[3]

*Judgment affirmed.*
*Costs to be paid by appellant.*

---

3. Maryland Rules 345 b and 1085.