BALANCE LIMITED, INC. ET AL. *v.* ALEXANDER C. SHORT and JOHN C. COOPER, III, SUBSTITUTE TRUSTEES

[No. 564, September Term, 1976.]

*Decided February 8, 1977.*

The cause was argued before GILBERT, C. J., and DAVIDSON and LOWE, JJ.

*Victor H. Laws,* with whom were *Long, Laws, Hughes & Bahen* on the brief, for appellants.

*Paul V. Niemeyer* for appellees.

LOWE, J., delivered the opinion of the Court.

We dismiss this appeal *sua sponte* because appellants lack standing here and below. Beyond that, the record clearly discloses that they would have been collaterally estopped from proceeding even if they had standing.[1]

Appellants are general creditors of the mortgagor of a condominium under construction in Ocean City. The mortgage was foreclosed and the property was bought at public sale by the mortgagee for a sum insufficient to discharge the mortgage debt. Appellants excepted to the ratification of that sale and were given a full and exhaustive hearing on a plethora of issues, including the contention that a partnership existed between the mortgagor and mortgagee in fact and by estoppel. They were permitted to proceed on their exceptions because they had asserted under oath, in answers to interrogatories, that they had obtained a judgment at a specified date prior to the foreclosure sale, setting forth the court and case number. After Judge E. McMaster Duer had decided the case on its merits against appellants on every issue raised, and an appeal taken, it was discovered that the answers to the interrogatories upon which appellants' standing hinged was false. Appellants'

1. See appendix at conclusion of opinion.

pending appeal to this Court was peremptorily dismissed and a petition for writ of certiorari to the Court of Appeals denied.

Persistently seeking to do indirectly that which they had failed to accomplish through their false statement directly, appellants then excepted to the auditor's report, complaining that the "mortgagee is not entitled to second priority after sale expenses, because it was a partner with mortgagor, by agreement and by estoppel . . . ." Judge Daniel T. Prettyman dismissed the exception in the Circuit Court for Worcester County on the ground of res judicata.

## Collateral Estoppel

Notwithstanding that His Honor overlooked appellants' lack of standing to attack the auditor's report, his resultant dismissal was correct. His reasons therefor were almost so. Even if appellants had had standing, it was not the doctrine or res judicata, as held below, that would have applied, but its consubstantial counterpart, collateral estoppel, which would have prevented appellants from reaching the merits of their claim. Distinguishing the two proceedings, appellants complained that it was not the ratification of the sale but the distribution of the proceeds which they now attack. Although the cause of action may be different, the determination of fact required in this attack is identical to that which they had litigated under the subterfuge of a judgment creditor before, *i.e.,* the question of partnership between mortgagor and mortgagee. In pointing out the difference between res judicata and collateral estoppel in *MPC, Inc. v. Kenny,* 279 Md. 29 (1977), Judge Levine quoted from *Sterling v. Local 438,* 207 Md. 132, 140-141:

> " ' . . . If the second suit is between the same parties and is upon the same cause of action, a judgment in the earlier case on the merits is an absolute bar, not only as to all matters which were litigated in the earlier case, but as to all matters which could have been litigated [res judicata]. *If, in a second suit between the same parties, even though the cause of*

*action is different, any determination of fact, which was actually litigated in the first case, is conclusive in the second case* [collateral estoppel].' (citation omitted)." (emphasis added). *MPC, Inc., supra,* at 32.

The record shows that the issue of partnership was exhaustively tried at the first case and decided by Judge Duer in a lengthy opinion. Superficially, appellants' brief shows that they are appealing from judgments of both judges:

"Appeal from the Circuit Court for Worcester County (Hon. E. McMaster Duer and Daniel T. Prettyman, Judges)"

Their argument makes frequent references to the testimony before Judge Duer. In short, their second attempt so heavily relies upon their first as to acknowledge an attempt to relitigate the partnership issue.

Furthermore, we take umbrage that after appellants obtained a full hearing on the partnership issue by false representation, they would now ask us to let them try again because they should not have been heard the first time. We accept the contention that the incorrect response was negligently given and was not an intentional fraud on the court. For that the affiant may be forgiven, but may not be excused. The motivation behind the response is not the issue. Regardless of the affiant's state of mind when he answered the interrogatory, the answer was in fact false, however well intended, and if clean hands are required for an equity supplicant, appellants, like MacBeth, need call upon "all great Neptune's ocean" to cleanse their hands before submission to that court.

## Standing

Not only were appellants undeserving of an adjudication on the merits the first time, but the court went too far in hearing argument on res judicata or collateral estoppel the

second time. Appellants falter from insubstantial standing before they get to court.

Acknowledging (now) their status as general creditors only, appellants contend that they have a right to attack the distribution of the mortgage foreclosure proceeds notwithstanding their lack of interest in the mortgage *res*. They argue that they have standing to attack the distribution of the proceeds for two reasons (both previously litigated):

> First, appellants assert that mortgagor and mortgagee are partners by estoppel, and that therefore, as general creditors, appellants have priority over the partners in the proceeds.
>
> Second, they claim that the contract between mortgagor and mortgagee was contrived fraudulently, to circumvent them as general creditors.

It is hornbook law that a general creditor having no lien upon the property is not a proper party, initially or by intervention, to a foreclosure suit. Jones, *Mortgages* § 1826 (8th ed. 1928); see *So. Maryland Oil v. Kaminetz*, 260 Md. 443, 449. It is equally well settled that a claim which has not become an absolute lien upon the property cannot be considered in the disposition of any surplus, however equitable the claim may be. Jones, *supra*, § 2167. Appellants acknowledge and even emphasize that:

> "*A person who is not a party to a cause, and has not established a claim to the fund, has no standing to except to the distribution made by the auditor's account.*" (emphasis added). Miller, *Equity Procedure* § 544.

This is so because:

> "Any money remaining after the satisfaction of the expenses of sale and the first lien would accrue to the underlying lien holders in order of priority and, if an excess still remained, to the owners of the

land. See Maryland Rule W75." *McCann v. McGinnis*, 257 Md. 499, 512.

Nor does the assertion of fraud extend the right to intervene in the distribution of proceeds in an equity court. Again Miller speaks directly to that point in § 730 of *Equity Procedure*:

> "If he seeks to subject real estate to the payment of his debt, he must obtain a judgment creating a lien upon it; if he is pursuing a personal estate, he must obtain a lien by an execution on his judgment. When he has by these means acquired an interest in his debtor's property, he will be in a condition to ask the aid of a court of equity . . . ."

See also Cts. Art., § 11-403 and *Kinsey v. Drury*, 141 Md. 684, 689-690.

It follows that if a general creditor has no standing to intervene in the mortgage foreclosure, and if he has no standing to demand payment from any surplus, he is certainly not entitled to attack a distribution of funds from a sale after foreclosure.

This precise issue appears never to have been decided.[2] However, over a century ago it was held that even a judgment creditor could not except to an auditor's report and account where the foreclosure sale funds were insufficient to satisfy a prior mortgage. In the case of *Sumwalt v. Tucker*, 34 Md. 89, mortgaged property was sold under a decree of foreclosure. There too the auditor reported insufficient funds to pay the mortgage debt. The petitioner was a judgment creditor of both mortgagor and mortgagee who obtained judgment after the date of the mortgage. The sheriff forbore to sell in consideration of a promise by the debtors to pay the judgment. The money not having been paid, a *venditioni exponas* was issued, to which the sheriff returned that the property had already been sold at a

---

2. Perhaps because it is so universally accepted.

trustee's sale on the mortgage foreclosure. The petitioner filed exceptions to the auditor's report and account:

" . . . the question . . . [was], whether a judgment creditor can come into a case pending in equity and have a fund, which has been audited to the mortgagee, who is the defendant in the judgment, applied in satisfaction of his judgment." *Id.* at 91.

The Court of Appeals held that:

"In the case now before us, *the appellant had no right to come into the case pending between the appellees and have his judgment paid out of the fund audited to* Wilkinson, *the mortgagee and complainant in that case,* but ought to have pursued his remedy at law, by attachment, against that fund in the hands of Downs, the trustee, his right to such remedy being fully established by the cases of *Cockey vs. Leister,* 12 Md., 124; *McPherson vs. Snowden,* 19 Md., 233, and *Groome vs. Lewis,* 23 Md., 150. *Having no standing in a Court of Equity, he consequently had no right to file exceptions to the auditor's account,* and they were properly overruled, and the order of the Court below overruling the exceptions and dismissing the petition of the appellant must be affirmed." (emphasis added). *Id.* at 92.

Reasoning to that result, the Court explained that:

"Although the lien of the judgment attached upon the equity of redemption of the mortgagor and any fund remaining, after the payment of the mortgagee's debt, might have been applied to the payment of the judgment of the appellant, yet in this case no surplus remained, and therefore the equity of redemption, upon which the judgment was a lien, proved to be of no value. The judgment was not a lien upon the interest or estate of the mortgagee in the mortgaged premises." *Id.* at 91.

See also Md. Rule W75 a.

*Sumwalt* was recently relied upon by us in the case of *Galeano v. Galeano,* 21 Md. App. 208. There a judgment creditor of the mortgagees intervened in foreclosure proceedings and persuaded the chancellor to satisfy their judgment from the funds in the hands of the trustees. The result was that the mortgagors were charged with the mortgagees' debt, for the mortgagees received the unusual benefit of having their obligation paid from the surplus funds resulting from the sale as well as receiving payment in full of the mortgage indebtedness. Noting that the interest of a mortgagee is not subject to execution prior to foreclosure although a mortgage is generally regarded as personalty, Judge (now Chief Judge) Gilbert quoted relevant passages from *Sumwalt* and concluded that the judgment creditor had no standing to intervene in the foreclosure proceedings and could not charge the mortgagees' interest with its claim. If the judgment were to be satisfied, it must be by way of an action at law against the funds in the hands of the trustee.

It is clear that if a debt reduced to judgment is not a lien upon a mortgagee's interest in the mortgaged premises sold at foreclosure, sufficient to give him standing to attack the deficient proceeds by way of exception to the auditor's account, *Sumwalt, supra,* appellants here are in a far less favorable posture as general creditors. Even if the sale had produced a surplus, appellants' claim could not be satisfied by excepting to the auditor's report. *Galeano, supra.* Their debt must be sought from the surplus prodeeds which would have been payable to the owner in the absence of a judgment or other lien attaching to the owner's equity of redemption. See *Kinsey v. Drury, supra.* Because appellants lack standing to except to the auditor's report and account, we dismiss this appeal on our own motion.

*Appeal dismissed.*
*Costs to be paid by appellants.*

18

## Appendix

Appellants provided no argument in their brief on the issues of standing and res judicata, and did not respond to the arguments on these issues in appellees' brief, by reply brief. After titling the two issues as Argument I and II, we were informed that:

> "On these points, Appellants adopt their arguments set forth in their 'Memorandum of Exceptants Supporting Their Answer to Motion to Dismiss', pp. 1-12, filed herein on August 3, 1976, and incorporate same herein by reference."

This procedure is not only cumbersome and inconvenient to the Court, but in direct violation of the Md. Rule 1031. See *Van Meter v. State,* 30 Md. App. 406, 408. We must first seek out those briefs from the Court records, then photocopy them in sufficient number for the panel judges to consider them. After having done so, we found appellants' arguments specious and their authority inapposite.

Appellants rely upon "the separate and consecutive nature of report and ratification of sale" in Md. Rule BR6. The BR series of the Md. Rules relate to "Sales — Judicial". The issue here concerns the foreclosure of a mortgage and is thus controlled by the "W" series of the Md. Rules. Indeed, Md. Rule BR 1 plainly states:

> " 'Judicial sale' means a sale of property which is subject to ratification by a court, *but does not include sales under Subtitle W (Foreclosure of Mortgages and Other Security Devices)* except to the extent specifically provided therein." (emphasis added).

Appellants' reliance on Md. Rule 595 is equally inapposite as it relates only to the duties of a court auditor generally.

The case law and text authority cited by appellants stands for precisely the opposite principles appellants espouse, *e.g.,* Miller, *Equity Procedure* § 544 and *So. Maryland Oil v. Kaminetz,* 260 Md. 443, 449. We found them to be such substantial authority to the contrary that we have quoted

from them in the text of this opinion. The only other case cited by appellants on the issue of standing was *Brown v. Thomas*, 46 Md. 636, 640-642, which simply held that a claimant, whose interest in the proceeds of a partition sale was founded upon an assignment of one of the property owners, had failed to prove the assignment. It too is obviously authority for nothing relevant here.