**In re Albert Lamar BOND, Jr., Debtor.**

**DIVERSIFIED LENDING SERVICES, INC., Appellant,**

v.

**Albert Lamar BOND, Jr., and Citizens Bank of Maryland, Appellees.**

**Bankruptcy No. 89–4–0201–PM.
Civ. No. S 89–3366.**

United States District Court,
D. Maryland.

June 26, 1990.

**40**

Steven H. Hofberg, Gordon & Hofberg, Rockville, Md., for appellant.

Charles A. Docter, Marcia K. Docter, Loren L. Chumley, Docter & Docter, P.C., Charles T. Bowyer, Miles & Stockbridge, Baltimore, Md., for appellees.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This is an appeal from the Bankruptcy Court for this District, Chief Judge Mannes presiding. The issues have been briefed, and no oral argument is needed.

The decisive question is whether the debtor's prepetition assignment of rents to Diversified constituted those rents as cash collateral in the debtor's Chapter 11 case. The property from which the rents flow is subject to a duly recorded first deed of trust (equivalent to a mortgage in the usages prevalent in the D.C. suburbs of Maryland) in favor of appellee Citizens Bank, which was not foreclosed prepetition and which contained no explicit assignment of rents. Appellant Diversified claims under a duly recorded junior deed of trust which contained a *pro forma* proviso assigning rents as follows:

> 16. As additional security hereunder, Grantor hereby assigns to Beneficiary the rents of the premises, provided that Grantor shall, prior to acceleration under paragraph 4 hereof or abandonment of the Premises, have the right to collect and retain such rents as they become due and payable.

The filing of a bankruptcy petition is an instance of default upon which acceleration may be made under paragraph 4 of the Diversified deed of trust. There is no dispute that, prepetition, the debtor collected and retained the rents and Diversified had not acted to put the assignment into effect.

Upon consideration, the Court is of the opinion that the Bankruptcy Judge correctly concluded that Diversified lacks a perfected security interest in the rents entitled to protection under the Bankruptcy Code. Here, Diversified claims that the recordation of its deed of trust was all that Maryland law required to perfect its security interest in the rents. Although it is true that there can be no perfection without recordation, it is also true that, in the case of a boilerplate assignment of rents, the better-reasoned case law is to the effect that prepetition recordation of the assignment is not sufficient to perfect the assignment under the relevant provisions of the Bankruptcy Code in most states. This Court agrees with appellees that Maryland is an "intermediate theory" state with regard to mortgages. *See, e.g., Galeano v. Galeano,* 21 Md.App. 208, 211, 319 A.2d 129 (1974). (Mortgages and deeds of trust are in *pari materia* in this and other regards under Maryland law. *See, e.g., Burroughs v. Garner,* 43 Md.App. 302, 304 n. 1, 405 A.2d 301 (1979).). In intermediate theory states, a prior recorded assignment of rents, without any action taken to realize thereon prepetition, is not perfected so as to be entitled to cash collateral protection in a Chapter 11 proceeding. *See, e.g., In re Prichard Plaza Associates Limited Partnership,* 84 B.R. 289, 294–99 (Bankr. D.Mass.1988). This Court is convinced that the result reached in the *Prichard Plaza* case is the same one that would be reached under Maryland law.

Finally, the Court is constrained to observe that it is difficult to conceive just how appellant's inchoate assignment of rents could take priority over appellee Citizen's rights to the rents (and the whole of the property) on default, given Citizen's undisputed status as first mortgagee. This question, however, need not be reached be-

cause Diversified's assignment was not adequately perfected to receive cash collateral treatment in the first place.

For the reasons stated, an order will be entered separately, affirming the order from which this appeal was taken.