**In re 1350 PICCARD LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 92–00037.**

United States Bankruptcy Court, District of Columbia.

April 8, 1992.

**84**

Lorraine O'Hanlon, Gold & Stanley, Alexandria, VA, for debtor.

Jonathan W. Lipshie, Warren S. Oliveri, Jr., Washington, DC, for the Resolution Trust Corp.

### DECISION RE RTC'S MOTION TO PROHIBIT DEBTOR'S USE OF CASH COLLATERAL

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The debtor's secured creditor claims that the debtor ought to be prohibited from using the rents from the debtor's office building on three grounds:

(1) that it holds an absolute assignment of the rents;

(2) that it perfected a security interest in the rents pre-petition by virtue of having commenced foreclosure proceedings; and

(3) that it perfected a security interest in the rents post-petition by filing a notice under 11 U.S.C. § 546(b).

The court rejects the first two grounds but agrees with the third ground in part by holding that upon filing the notice under § 546(b) the secured creditor obtained a perfected security interest in future rents but not in past rents.

■ The debtor, 1350 Piccard Limited Partnership, the owner of an office building at 1350 Piccard Drive, Rockville, Maryland, filed its voluntary Chapter 11 petition under the Bankruptcy Code (11 U.S.C.) on January 10, 1992. The Resolution Trust Corporation ("the RTC"), as receiver for Perpetual Savings Bank, F.S.B. ("Perpetual"), has moved to prohibit the debtor from using the rents from the building. Perpetual held a deed of trust note for $7.5 million from the debtor secured by a deed of trust against the debtor's office building. Paragraph 37 of the deed of trust provided that "the Grantor [the debtor] hereby absolutely and unconditionally assigns and transfers to the Lender the leases, whether now or hereafter executed, pertaining to the Property, and the rents and revenues therefrom, including those now due, past due, or to become due." The opening recitals at page 2 of the deed of trust recited, however, that the deed of trust was to be null and void upon full payment of the indebtedness. The assignment was intended only for security purposes. Under Maryland law, the assignment must be treated as a mortgage. *In re Bethesda Air Rights Ltd. Partnership*, 117 B.R. 202, 206–08 (Bankr.D.Md.1990). *See also In re 1301 Connecticut Ave. Assoc.*, 117 B.R. 2, 8 (Bankr.D.D.C.1990), *aff'd*, 126 B.R. 1 (1991).

■ The RTC next urges that it perfected an interest in the rents by the act of

commencing foreclosure proceedings prior to the debtor's filing its petition. That act, however, was not a demand for the rents. Under Maryland law, perfection of the assignment of rents could occur only upon demand for the rents made after default. *Bethesda Air Rights*, 117 B.R. at 209. While "only slight acts to manifest the mortgagee's intention" to end the mortgagee's right to collect rents are required, *id.*, the mortgagee's foreclosure proceedings do not evidence an intention to demand the rents pending conclusion of the foreclosure proceedings. The RTC may well have decided to leave rents in the debtor's hand for application to expenses of operating the building.

▪ The RTC finally urges that the security interest was perfected by the filing of a notice under 11 U.S.C. § 546(b). That notice clearly served notice of the RTC's intention that the debtor's unfettered right to use rents be ended and of itself constituted a "slight act" under Maryland law sufficient to perfect a security interest in rents. Alternatively, assuming that the other conditions of § 546(b) are met, the notice, by the express terms of § 546(b), could serve as a substitute for the act of seizure. A seizure could lawfully be effected under Maryland law to perfect a security interest in rents by giving direct notice to the tenants to pay the rents to the mortgagee. *Bethesda Air Rights*, 117 B.R. at 209. The only question therefore is whether § 546(b) in conjunction with 11 U.S.C. § 362(b)(3) allows such perfection to be effective.

▪ In *1301 Connecticut Ave.*, 117 B.R. at 10, this court observed that the term "perfection" under § 546(b) embraces any steps for obtaining a security interest that cannot be defeated by a hypothetical creditor or purchaser under § 544 or § 545 and rejected any narrower interpretation of the term. The debtor does not question here that Maryland would follow the rule that upon perfection of its recorded pledge of rents a mortgagee takes priority over future rents as against an entity that obtained a later pledge of rents even if that entity earlier perfected that pledge. *See id.* at 9–10. The result is that, at least as to future rents, the security interest can be perfected under § 546(b). *Id.* at 10–11. The debtor relies on *In re Bond*, 122 B.R. 39 (D.Md.1990), which held that any perfection must be pre-petition. But *Bond* relied in this regard on *In re Prichard Plaza Assoc. Ltd. Partnership*, 84 B.R. 289 (Bank.D.Mass.1988), a decision which held that § 546(b) includes a relation back or retroactivity requirement as to all rents.[1] This court rejected that proposition in *1301 Connecticut Ave.*, 117 B.R. at 10–11, and chose to follow instead the holding to the contrary of *In re Microfab, Inc.*, 105 B.R. 152, 158 (Bankr.D.Mass.1989).[2]

▪ The RTC urges that its security interest can be perfected under § 546(b) as to *all* rents, not just future rents. But to be effective as to rents accrued before the mortgagee perfected its interest, § 546(b) requires that a pre-perfection creditor or purchaser could not defeat the mortgagee as to such rents. The RTC has failed to point to any Maryland law permitting such retroactive perfection. Because an intervening judgment creditor or intervening holder of a perfected security interest would defeat the bank's rights as to rents accrued before it perfected, § 546(b) does not apply to past rents.

The debtor has been using the rents for purposes of operating the office building.

---

**1.** It is not even clear that anyone raised § 546(b) as an issue in *Bond*. The decision cited a portion of *Prichard Plaza* not dealing with § 546(b).

**2.** This court's interpretation of § 546(b) has been strengthened by *Union Bank v. Wolas*, — U.S. —, —, 112 S.Ct. 527, 531, 116 L.Ed.2d 514, 522 (1991) ("fact that Congress may not have foreseen all of the consequences of a statutory enactment is not sufficient reason for refusing to give effect to its plain meaning") and

*Connecticut Nat. Bank v. Germain*, — U.S. —, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (if the words of the statute are unambiguous, the judicial inquiry ends without inquiry into the legislative history). The contrary holding in *Prichard Plaza* was reached by reference to legislative history that, in any event, is itself sufficiently ambiguous as not to preclude application of § 546(b) to a perfection of a security interest against future rents.

The court will authorize the debtor to continue to do so. The debtor, however, will be required to segregate the rents accrued after the filing of the § 546(b) notice as cash collateral and may not use such proceeds other than for the ordinary expenses of operating and maintaining the office building.